MARY F. FREEMAN, PLAINTIFF, v. HARMON C. ACKER-SON, DEFENDANT.

Submitted March 17, 1920—Decided June 1, 1920.

1. A verdict for the plaintiff will not be set aside on defendant's rule to show cause, because the court erroneously charged the jury in a manner that was harmful to the plaintiff.
2. An objection that the verdict was against the weight of the evidence is of no avail on defendant's rule to show cause, where the testimony of the plaintiff was uncontradicted.
3. The action was to recover for a breach of a contract to furnish a home. Counsel, in summing up, improperly commented upon the financial ability of the plaintiff, which remarks were stricken out by the trial judge, who told the jury that there was nothing in the case to show what the plaintiff had. *Held*, that the court did away with any harmful effect the remarks of counsel might have had, and that it was not error to refuse to discharge the jury on account of such remarks.
4. Statements in defendant's counter-claim, in an action for breach of contract to furnish a home, were, in effect, declarations by him, which, while inadmissible on defendant's offer because of being self-serving, were competent to be used by the plaintiff and read to the jury.

On rule to show cause.

Before Justices SWAYZE and PARKER.

For the plaintiff, *King & Vogt.*

For the defendant, *Charles A. Rathbun.*

The opinion of the court was delivered by

SWAYZE, J.  The plaintiff, an old lady seventy years of age, let the defendant have $2,500 to put in a house he was building, upon his agreement that he was to provide her a home for the rest of her life.  She lived with him a little more than two years assisting in the work of the household.  He told her after a while that she would have to pay board, and although this was withdrawn, he sold the house during her absence on a visit; went to his mother's house, told her not to come there and failed to provide a new home.  Subsequently, he moved to Paterson and then asked her to come down to live with him.  She did not accede.  After the sale of the house, she seems to have asked him for the money, and she says he offered to give her a mortgage, payable in six months, to which she assented.  At the end of the six months she demanded payment.  He refused and said he never would pay.  The complaint avers a loan, but it became clear by the plaintiff's testimony that the agreement was not a loan but a contract for a home.  Her testimony is uncontradicted, since the defendant called no witness.  When the plaintiff rested the defendant moved for a nonsuit.  This motion was denied, and thereupon the plaintiff moved to amend.  The court charged that if the jury found the money was a gift by the plaintiff to defendant there could be no recovery; that if the contract was that plaintiff be furnished a home and the defendant refused, the plaintiff had a right to recover, but could not recover for interest during the time she lived with defendant; and that if the defendant was ready to fulfill his part of the agreement that was all the plaintiff could demand.  He told the jury that they were to determine, first, whether the money was a gift; then whether it was a contract, and whether the contract had been carried out by the defendant; that if the

defendant had carried it out and was willing to carry it out the plaintiff could not recover. The charge was favorable enough to the defendant, since the jury could not avoid inferring from the demand that plaintiff pay board, and from his failure to provide a home, even though for a short time, that there was a breach, and this could not be cured by his subsequent offer of a home at Paterson, or by his readiness at the trial to provide a home. He had by his answer placed his defence on a ground inconsistent with his present claim of performance of the contract for a home, since in his counterclaim he claimed for board for the time she had been with him.

This recital suffices to show that a nonsuit or direction of a verdict for defendant would have been improper. The verdict was not contrary to the charge of the court properly understood. The learned trial judge did not mean that the jury should ignore the breach of which we have spoken. If he had meant that, this part of his charge would have been error harmful to the plaintiff and we would not on a rule to show cause set aside the plaintiff's verdict because it was contrary to this part of the charge. The reason that the verdict was against the weight of the evidence cannot prevail, since the plaintiff was uncontradicted, the defendant not testifying in his own behalf. Nor can the reason prevail which relies on the failure to discharge the jury. The trial judge was right in striking out the remarks of counsel as to the amount of money the plaintiff had, and when he said there wasn't anything in the case to show what the woman had, he did away with any possible effect the remark might have had with the jury; in fact, the occurrence was probably more harmful to the plaintiff than to the defendant. It was proper for counsel to read from the counter-claim. Statements therein were in effect declarations by the defendant, inadmissible on the defendant's offer if self-serving, but admissible on the plaintiff's offer. There was, we think, an inaccuracy in the trial judge allowing a recovery of the $2,500, with interest, as if it were a loan, instead of putting the question to the jury as one of the amount of damages for breach of contract, but no

point is made of it and the defendant's counsel expressly declined to take an exception at the trial, probably because the income of the $2,500 would, in view of the domestic labor of the plaintiff in defendant's household, amount to as much as the value for the time of the home furnished by defendant.

Let the rule be discharged, with costs.