Weygandt, C.. J.
 

 The first contention of the plaintiff in error is that Billiter was not liable for the aggravation resulting from the alleged malpractice of Dr. Espey. She bases this view upon the theory that her claims against Billiter and Dr. Espey are separate and distinct causes of action because the first is based upon tort and the second upon breach of contract. However, the great weight of authority is to the contrary. The general rule is that where one who has suffered personal injuries by reason of the negligence of another exercises reasonable care in securing the services of a competent physician or surgeon, and his injuries are thereafter aggravated or increased by the negligence, mistake, or lack of skill of such physician or surgeon, the law regards the negligence of the wrongdoer in causing the original injury as the proximate cause of the damages flowing from the subsequent negligent or unskillful treatment thereof, and holds him liable therefor. 8 A. L. R., 507.
 

 In Ohio the same rule was definitely enunciated in the case of
 
 Loeser
 
 v.
 
 Humphrey,
 
 41 Ohio St., 378, 52 Am. Rep., 86, and stands unreversed and unmodified. The syllabus reads:
 

 “L. & Co. carelessly and negligently left their horse, which was harnessed and hitched to their wagon, standing in a public street without being properly tied or guarded. The horse ran away, and the wagon violently collided with the wagon of H., in which he was sitting, whereby he received severe bodily injury. At the time of his injury H. was free from contributory negligence. Immediately after his injury he employed a physician of ‘good standing and reputation,’ placed
 
 *85
 
 himself under his treatment, and followed his directions. Held,—
 

 “1. That although the physician may have omitted to apply the remedy most approved in similar cases, and by reason thereof, the damage of H. may not have been diminished as much as it otherwise would have been, he may still recover of L. & Co. for his actual damage.
 

 “2. That the collision was the proximate cause of the damage.”
 

 The second contention of the plaintiff in error is that the general and unconditional release given to Billiter in full settlement for all present and future claims and causes of action arising out of the collision does not operate as a bar to the action against Dr. Espey.
 

 It is a fundamental rule of law that but one satisfaction can be exacted for the same demand. Billiter was liable.for all of the plaintiff’s injuries including the aggravation thereof. She saw fit to give Billiter a release in full for all claims and causes of action, presumably because she' considered her total damages to be $7,000, and knew he was fully liable therefor.
 

 In 50 A. L. R., 1108, appears the following statement of the general rule:
 

 “In the majority of the few cases involving this subject, wherein it has appeared that one injured through the fault of another has released the person responsible for the injury by an agreement relinquishing all rights to recover from such person on account of the injury, it has been held that the release operates as a bar to an action by the injured person against a physician who has treated the injury, to recover for malpractice in connection with the treatment. The basis for the decisions seems to be, with one exception, that, ' since a recovery may be had against the person causing the injury for malpractice by the physician, the injured person, in settling with him, is receiving full
 
 *86
 
 compensation for all injuries arising out of the accident, and consequently cannot recover again from the physician. ’ ’
 

 In conformity with the foregoing generally accepted views the judgment of the Court of Appeals must he affirmed.
 

 Judgment affirmed.
 

 Allen, Stephenson, Jones, Matthias, Bevis and Zimmerman, JJ., concur.