By the Court.
 

 Our only question is whether the conclusion of law announced was warranted by the facts disclosed. From the facts found the Court of Appeals concluded that the relator was not discharged from his position but rather that he removed himself therefrom by conduct which constituted a constructive resignation.
 

 The Court of Appeals specifically found as follows :
 

 “Relator was a regularly appointed smoke inspector in the classified service of the city of Cleveland. On August 1, 1946, he was granted a leave for six months on account of illness. Prior to the expiration of such leave, to wit, on January 23, 1947, he made a written request of the commissioner of buildings and smoke for a six-month extension of his leave. The request was accompanied by a signed statement from his physician recommending his ‘further rest.’ In a written communication dated January 27, 1947, the com
 
 *215
 
 missioner denied relator’s request for an extension of his leave and admonished him that if he should not appear for duty on February 1, 1947, when his original leave should expire, his failure would then be taken to be ‘as a termination’ of his services with the city. Relator failed to report for duty at the expiration of his leave. When he had not reported by February 4, 1947, the commissioner advised the civil service commission in writing' of the circumstances and that he considered relator’s failure to report as a ‘resignation’ from the service. The civil service commission, as of February 17, 1947, advised relator in writing that it had been informed of his failure to return to work at the expiration of his leave and that his failure in that regard was construed as a resignation, whereby his name was ‘removed from the roster.’
 

 “Within a year thereafter and as permitted by Section 128k of the Charter of Cleveland and Rule VIII, Section 4, of the rules of the Civil Service Commission, relator made written request of the commission to be reinstated to the eligible list for smoke inspector as one separated from the service without fault or delinquency on his part. The request was supported by a letter from the department head and was granted by the commission. Relator was thereafter certified for appointment on two separate occasions but was not appointed, his name being the only one on the list. His eligibility for. appointment from said eligible list expired June 30,1948, by force of said Rule VIII, Section 4.”
 

 The finding of the Court' of Appeals was fully warranted by the facts disclosed by the record. Based upon its finding of facts the Court of Appeals concluded as a matter of law that the appointing officer possessed and properly exercised the authority to treat the relator’s continued absence from duty as a con
 
 *216
 
 structive resignation from Ms position; that the relator was not discharged but that his own conduct was properly accepted and construed as a resignation.
 

 In the conclusion of law of the Court of Appeals and its judgment rendered in accordance therewith we find no reversible error. The relator was clearly advised by letter that further leave of absence would not be permitted and that failure to return to duty witMn the time designated would be accepted as a termination of his service. The option was thus specifically submitted to the relator to return to his post of duty within the time prescribed or have his failure and refusal to do so accepted and regarded as a resignation from his position.
 

 Upon report duly made to it the civil service commission of the city, on February 17, 1947, notified the relator that “your failure to return has been construed as a resignation and your name, therefore, removed from the roster for this position.”
 

 Although in the case of
 
 Rieke, Gdn.,
 
 v.
 
 Hogan,
 
 138 Ohio St., 27, 32 N. E. (2d), 9, the record disclosed a situation far more adverse to the claim of the employee, this court indicated the view that conduct of an employee may properly be regarded as constituting a resignation from the position held by him. See, also, 46 Corpus Juris, 980, Section 137; 43 American Jurisprudence, 26, Section 172;
 
 Ferrante
 
 v.
 
 Higgiston,
 
 296 Mass., 208, 5 N. E. (2d), 49; and
 
 People, ex rel. Wallace,
 
 v.
 
 Diehl et al., Bd. of Police,
 
 167 N. Y., 619, 60 N. E., 1118.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Turner and Taft, JJ., concur.