SCRUTCHINGS, Appellants, v. NIMER, Appellee.

Ohio Appeals, Ninth District, Summit County.

No. 4314.   Decided December 3, 1952.

Artee Fleming, Akron, Samuel Dashiell, for appellant.
Herberich, Rowley & Taylor, Akron, for appellee.

## OPINION

By HUNSICKER, PJ.

The plaintiff (appellant), Alfred Scrutchings, filed a petition in the Common Pleas Court alleging that he was employed by the defendant (appellee), Nick Nimer, to perform certain services for the defendant's benefit. Scrutchings, in his petition, said: "* * * that the terms of employment were reduced to writing, a copy of which writing is hereto attached and marked 'Plaintiff's Exhibit A'"; that he had "fully performed his part of the contract" but that Nimer had "refused to perform his part of the contract."

The exhibit attached to the petition is a contract of partnership to engage in the business of selling "food, wines, liquors, beer and the operation of a bar, cafe," etc.

Nimer filed an answer to Scrutching's petition and alleged the following defenses: (1) a general denial; (2) a release of all claims against him executed by Scrutchings; (3) the cause of action is for equitable relief by way of a partnership accounting; and (4) an illegal partnership to carry on the sale of wines, liquor and beer when Scrutchings held no license to so engage in such business.

Scrutchings filed a reply to the answer saying: (1) he signed a paper which defendant calls a "full and complete release," but it was never so intended to be a "release"; (2) that any money paid to him by Nimer was "earned by performing certain services, as set forth in his contract, Exhibit 'A,'; (3) the release claimed by Nimer was obtained as a result of fraud.

The cause came on for hearing in the trial court, at which time counsel for Nimer, by oral motion, asked that Nimer be awarded a judgment on the pleadings. The court granted the motion, and a judgment was thereafter "rendered in favor of the defendant and against the plaintiff."

It is from such judgment that Scrutchings appeals to this court on questions of law. No assignments of error were filed, but we will examine the matter to determine if the judgment is contrary to law.

The judgment entered herein was granted by virtue of §11601 GC. A motion made under the provisions of this section raises a question of law.

"* * * the right to judgment on the pleadings must arise from a consideration of all the pleadings, it not being in-

frequent that the averments of an answer may help out a defective petition. And so may a reply contain facts which will aid a weak answer. To justify a judgment · on the pleadings, it must be found that taking all their averments as they stand, they present simply a question of law."

**Rheinheimer v. Aetna Life Ins. Co., 77 Oh St 360, at p. 372.**

See also: **Meyer v. Daniel, etc., 147 Oh St 27, at p. 28.**

The principal question that arises is: Is "Exhibit A" attached to the petition a part of the pleadings, and may it be examined along with the answer and reply to determine the motion for judgment on the pleadings?

It has long been the law of this state that, where a motion is made for judgment on the pleading, only the pleadings may be looked to by the court in a determination of such motion.

**Challen v. Cincinnati, 40 Oh St 113.**

**McCoy, et al., Trustees, v. Jones, et al., 61 Oh St 119, at p. 129.**

**Ex Parte Province, 127 Oh St 333, at p. 334.**

Where a motion for judgment on the pleadings is filed by a defendant, "the allegations of the petition and reply are to be taken as true and are to be given the most favorable construction to the plaintiff who is also entitled to all reasonable and fair inferences and intendments to be drawn from such facts so alleged by the plaintiff."

**Williams, et al., v. Village of Deer Park, 78 Oh Ap 231, paragraph 2 of syllabus.**

The court in the case of McCoy, et al., v. Jones, et al., supra, said:

"There was good reason for confining such motion to the statements in the pleadings, because to such statements the party making them consents, while the record may be, and often is made, in part at least, by order of the court, against the wishes of both parties; or if concurred in by one party, it may fail to show which one concurred, and it would be unfair to hold a party to consequences flowing from a record to which he did not consent the same as if he had consented thereto."

In the case of **Home Owners' Service Corp. v. Hadley, et al., 86 Oh Ap 340,** the court held that answers to interrogatories do not constitute any part of the pleadings and may not be considered by the court in deciding a motion for judgment on the pleadings. The court further said that interrogatories were designed for the purpose of enabling the interrogating party to properly plead his cause or defense.

In the instant case, the contract upon which Scrutchings

based his claims was attached to the pleading, and, although it may have been subject to a motion to strike, Nimer waived any rights he may have exercised in that regard and filed his answer to the petition. This petition in several places specifically referred to the exhibit as the contract which Scrutchings claimed was breached. This written contract, which is made an exhibit, is the basis for the claim of Scrutchings that he was employed by Nimer to perform services, for which services Nimer refused to pay Scrutchings.

It is upon this contract that any rights accruing to Scrutchings depend, and from the terms of the contract the amount of damages suffered by him are to be determined.

In the case of Durant-Dort Carriage Co. v. S. L. Karth & Bro., 14 C. C. (N. S.) 341, the court in a similar situation, but where the exhibit was made a part of the petition, said:

"The court has the right, in construing the petition, to look to the exhibit that is made a part thereof, not to help out the petition to make a good cause of action, but may look to it for the purpose of determining whether the averments of the petition are supported by the exhibit and if there is a variance between the terms of the exhibit and the allegations of the petition, the exhibit must control and the court may declare the petition insufficient."

We do not have before us the situation that existed in some of the cases cited above, where the rule is announced that only the pleadings may be looked to in determining the motion for judgment on the pleadings. We do not look to a record made without the consent of the party, or to evidence or to other matter not an intrinsic part of the plaintiff's claim. The entire claim of the petition is that a written contract was entered into by the parties, and that Nimer breached such contract. It became necessary and proper, then, for the court, in order to pass on the motion, to examine the claim of the plaintiff, and, in so doing, to look to the contract for the purpose of determining whether the allegations of the petition were sustained by the terms of the contract.

In so doing, the trial court immediately discovered that the contract was a partnership agreement to engage in the sale of "food, wines, liquors, beer and the operation of a bar." The answer of Nimer set out that Scrutchings never was authorized by the Departmnt of Liquor Control to conduct such business. This allegation was not denied in the reply, although, in the course of argument on the motion, the plaintiff asked permission to amend the reply by including in the reply a general denial. The trial court never passed on such request, and hence we must consider that the amendment was not permitted.

It is obvious, therefore, that, on this state of the pleadings, Scrutchings was seeking a recovery as a partner in an enterprise which the Supreme Court of Ohio in the case of **Nahas. Admx., v. George, 156 Oh St 52**, has declared to be illegal.

Whichever way we look at the claims of Scrutchings, we are compelled to examine the written contract. It is not a contract of employment, but a partnership agreement. It is upon such agreement that Scrutchings must stand or fall, and we need not examine the question of whether an action at law may be maintained by one partner against another, or if the partner is first relegated to an action for an accounting. The contract is one to engage in an enterprise in a manner that the law says is improper.

The judgment of the trial court is not contrary to law.

The judgment is affirmed.

DOYLE, J, STEVENS, J, concur.