GREEN, Plaintiff, v. OHIO STATE RACING COMMISSION, Defendant.

Ohio Appeals, Second District, Franklin County.

No. 5203. Decided December 7, 1954.

Paul M. Herbert, Columbus, and William H. Deddens, Cincinnati, for plaintiff.

Hon. C. William O'Neill, Attorney General, Hugh A. Sherer and Thomas R. Lloyd, Assistant Attorneys General, Columbus, for defendant.

## OPINION

By THE COURT.

This is an original action in prohibition in which a demurrer has been filed to the petition upon the ground that the same does not state facts sufficient to constitute a cause of action.

The petition, after setting forth the capacity of the parties, provides:

"Plaintiff further says that the defendant Ohio State Racing Commission caused a certain alleged charge to be filed against plaintiff in the office of the defendant, said alleged charge being as follows:

" 'Notice is hereby given to Henry Green that the Ohio State Racing Commission has before it for consideration certain charges against him, and for determination in connection therewith of whether the said Henry Green should be ruled off the turf. such charges involving alleged violations of the Ohio Horse Racing Act and the Ohio Rules of Racing, more particularly §3769.09 R. C., and Rules 45 and 46, Ohio Rules of Racing, such charges being specifically as follows;

" 'In that the said Henry Green, on or about August 19th, 1954. at the Hamilton, Ohio, racetrack, being then and there an unlicensed mutuel employee of Ohio Sports Enterprises, Inc., during the conduct of a horse racing meeting by said Ohio Sports Enterprises, Inc. under authority of a permit therefor issued by the Ohio State Racing Commission, did then and there knowingly, wrongfully and unlawfully deny to one Jack Carmody full and free access to the mutuel plant of said Ohio Sports Enterprises, Inc., the said Jack Carmody being then and there an official inspector of the Ohio State Racing Commission and engaged in his official duties as such inspector.

" 'Notice is further given the said Henry Green (1) that he is entitled to a hearing on said charge prior to the making of an adjudication order with respect thereto if such hearing be requested within thirty days of the time of the mailing of this notice, and (2) that at such hearing he may appear in person or by counsel or other representative as is permitted to practice before the Commission, or may present his position, arguments or contentions in writing and that at such hearing he may present evidence and examine witnesses for and against him.

" 'Request for a hearing on these charges, if a hearing is desired. should be addressed to the Ohio State Racing Commission, Wyandotte Building, Columbus, Ohio, and may include a request on the matter of setting a specific date for the holding of such hearing.

Edward Corrigan
Secretary,
Ohio State Racing
Commission.' "

"Plaintiff further says that on or about October 13, 1954, he appeared before said Commission, the defendant herein, and filed his Plea in Abatement which was overruled and a Demurrer to said alleged charge setting out in substance that the Ohio State Racing Commission had no authority in law or jurisdiction to hear or to determine, adjudicate or issue any order whatsoever upon said alleged charge hereinbefore set out, but that said Plea in Abatement and Demurrer were overruled by defendant and the defendant proceeded to herein take testimony relative to said alleged charge.

"Plaintiff further says that at the conclusion of said hearing the defendant advised plaintiff that it would give the evidence and the testimony consideration and would announce its adjudication and order later.

"Plaintiff further says that the defendant proposes to issue an order and adjudication later, though without lawful power to do so.

"Plaintiff further says that the defendant proposes to issue an order which will rule him off of the turf, not only of every horse racing track in Ohio, but in the United States by the reason of reciprocal understandings between the state of Ohio and other states relative to the conduct of horse racing; that the plaintiff has heavy investments in the horse race track at Hamilton, Ohio, that he has employment at said track and other tracks which the defendant now proposes to take from the plaintiff unless a Writ of Prohibition is issued by this Court.

"Plaintiff further says that the proposed action of the defendant will do irreparable harm to the plaintiff and cause him such injuries that no other proceeding in any Court is available to prevent said injury and damage to his reputation, standing and to his investments except by this Court in this proceeding.

"WHEREFORE, plaintiff prays that a Writ of Prohibition issue prohibiting the defendant from engaging in any further proceedings whatsoever or making any adjudication whatsoever on the alleged charges herein set out, and that pending final hearing of this cause by this Court there issue forthwith an order requiring the defendant to show cause why a Writ of Prohibition should not issue and that a hearing thereon be set by this Court as early as is convenient and that the plaintiff recover his costs herein expended."

At the outset it should be noted that a writ of prohibition is a high prerogative writ to be used with great caution in the furtherance of justice and only when there is no other regular, ordinary and adequate remedy. **State ex rel. Nolan, v. ClenDenning, 93 Oh St 264.** It may be invoked against inferior courts or tribunals possessing judicial or quasi-judicial powers in order to keep the same within the limits of their own jurisdiction. It must be conceded that the Ohio State Racing Commission possesses certain quasi-judicial powers under §3769.01 R. C. et seq.; hence the first question we shall consider is whether or not there is an adequate remedy at law or in equity to the plaintiff herein. The Racing Commission is an administrative agency of the State of Ohio whose orders are subject to appeal under §119.12 R. C. of the Administrative Procedure Act. This section not only provides for an appeal from the order of the agency but it provides further that the court may grant a suspension of the order, fix its

488

terms and upon final determination may reverse, vacate or modify the order or make such other ruling as is supported by the evidence and the law. The plaintiff's rights may not be determined in Ohio until there is a final adjudication and the same rule should apply in the sister states. Should any of them deny him rights to which he is entitled his relief should be sought in the states denying him his lawful privileges.

The demurrer will be sustained for the reason that the plaintiff has an adequate remedy at law.

WISEMAN, PJ, MILLER and HORNBECK, JJ concur.