KNIGHT, APPELLANT, *v.* STRONG ET AL., APPELLEES.

(No. 1329—Decided April 27, 1955.)

*Mr. Robert G. Quincy,* for appellant.

*Messrs. Arter, Hadden, Wykoff & Van Duzer* and *Messrs. Fauver & Fauver,* for appellees.

DOYLE, J. This action was against two doctors for personal injuries, claimed to have proximately resulted from malpractice.

The doctors were engaged to treat the plaintiff following injuries received when she attempted to board a motor coach operated by the city of Cleveland through the Cleveland Transit System.

Pursuant to motions for judgment on the pleadings filed by the defendants, the court entered its judgment in favor of the movants. From this judgment the plaintiff has perfected her appeal to this court on questions of law, and claims the following errors:

"1. The Court of Common Pleas of Lorain County, Ohio, erred in sustaining the motion for judgment on the pleadings, filed on behalf of the defendants therein.

"2. The finding, order, decision and judgment of the Court of Appeals of Lorain County, Ohio, are contrary to law."

There was pleaded in the answers of the defendants the following release, given by the appellant to the city of Cleveland, which settled her case against the said city for the injuries received as a result of the claimed negligent operation of its motor coach:

"Cleveland Transit System

"Lawsuit Settlement Release

"Received of the city of Cleveland the sum of thirty-two hundred fifty and 00/100 dollars ($3,250.00), lawful money, to me in hand paid, the receipt of which is hereby acknowledged, the same being in full payment, satisfaction and discharge of any and all claims, demands or causes of action, of whatsoever nature, which I or my heirs, executors, administrators, personal representative or assigns, may now or hereafter have against the city of Cleveland, its officers, agents or servants, its successors and assigns, for damages for or by all reason of all personal injuries, all pain and suffering, damage to property, all losses and expenses, of whatsoever character, sustained as a result of an accident which occurred to me on or about the 14th day of July, 1952, about 5:45 o'clock p. m., at or near East 9th and Euclid Avenue, on which date and at which time and place I was injured when attempting to board motor coach, and especially from the cause or causes of action set forth in a petition filed by me in the Court of Common Pleas, Cuyahoga County, Ohio, in an action entitled 'Emily Knight vs. City of Cleveland,' Case No. 644906 on the docket of said court, in which entry may be made 'Settled and dismissed at defendant's costs. No record.'

"I hereby certify that this release is fully understood by me and is entirely satisfactory.

"In witness whereof, I have hereunto set my hand and seal this 26th day of October, A. D. 1953.

"(Signed) Agatha Swahn
143 Hernandez Avenue
San Francisco, California
    (Witness)                    (Signed)
"(Signed) Martin E. Swahn
143 Hernandez Avenue        Emily Knight."
San Francisco, California
    (Witness)

1. The relevant part of Section 2323.18, Revised Code (old Section 11601, General Code), must be considered in our appraisement of the claimed errors. It reads:

"When, upon the statements in the pleadings * * *, one party is entitled by law to judgment in his favor, * * * judgment shall be so rendered by the court * * *."

In view of the language of the statute and the fact that interrogatories and their answers attached to the pleadings are not a part of the pleadings, the pleadings, entirely separated from the interrogatories and the answers, must be considered alone in reviewing a judgment rendered under authority of the statute. *Home Owners' Service Corp.* v. *Hadley*, 86 Ohio App., 340, 84 N. E. (2d), 314. See also: *McCoy et al., Trustees*, v. *Jones*, 61 Ohio St., 119, 55 N. E., 219; *Challen* v. *Cincinnati*, 40 Ohio St., 113; and *Scrutchings* v. *Nimer*, 69 Ohio Law Abs., 233, 124 N. E. (2d), 754.

2. The release executed by the appellant to the city of Cleveland, set forth in the answer and not challenged by reply, controls the right to judgment in this case. By its terms it relinquished all right to recover from the original tort-feasor on account of the injury, and it operates as a bar for recovery against a doctor subsequently retained for negligent treatment of the original injuries.

The bar which prohibits a second claim predicated on malpractice, is based upon the theory that the original tort-feasor (the city of Cleveland in this case) is liable for the plaintiff's injuries, including the aggravation thereof, at the hands of a doctor selected with reasonable care by the injured person; and, as a consequence thereof, when settlement is made with one who was liable for the total damages, including the aggravation, full compensation has been received for all injuries arising out of the accident. See: 8 A. L. R., 506; 50 A. L. R., 1108; 40 A. L. R. (2d), 1075.

The Supreme Court of this state, in *Tanner* v. *Espey*, 128 Ohio St., 82, 190 N. E., 229, has pronounced the rule as follows:

"2. If one has suffered personal injuries which thereafter were aggravated by the malpractice of an attending physician or surgeon, and then executes a valid, general and unconditional release to the original tort feasor, in full settlement for all pres-

ent and future claims and causes of action, such release oper-
ates as a bar to an action against such physician or surgeon for
such malpractice.''

The judgment rendered for the defendants on the pleadings
will be affirmed.

*Judgment affirmed.*

STEVENS, P. J., and HUNSICKER, J., concur.