seem to us to constitute a failure of good behavior, whether committed while the officer was off duty or while he was on the job.

In its decision, the Court of Common Pleas found as follows:

"Upon consideration of the entire record, the court finds that the order of the commission is supported by reliable, probative and substantial evidence and is in accordance with law; and, therefore, affirms said order and dismisses said appeal therefrom."

With this we agree, and we conclude that neither of the two assignments of error is well taken. We hold, therefore, that the judgment of the Court of Common Pleas should be affirmed.

*Judgment affirmed.*

MILLER, J., concurs.
BRYANT, J., not participating.

THE STATE, EX REL. BARCROFT, *v.* STOVER.

(No. 1151—Decided July 2, 1958.)

*Mr. Don Edgar Flath* and *Mr. Jack Roesch,* for the motion.
*Mr. William Saxbe,* attorney general, and *Mr. Walter M. Shea, contra.*

HUNSICKER, P. J. This matter comes before this court on a motion for judgment on the pleadings filed by the plaintiff. The motion, as filed, is submitted on the briefs of the parties without oral argument. The action is mandamus (filed originally in this court) to secure the reinstatement of Mary S. Barcroft to a civil service position.

A motion for a judgment on the pleadings, filed under favor of Section 2323.18, Revised Code, presents simply a question of law, and, in such a situation, the court may look only to the pleadings in determining the motion. *Scrutchings* v. *Nimer,* 69 Ohio Law Abs., 233, 124 N. E. (2d), 754.

The court, in ruling upon a motion for judgment on the pleadings, should liberally construe the pleadings in favor of the party against whom the motion is filed. Every reasonable inference should be accorded the pleading in favor of its sufficiency. *Balduf, Exr.,* v. *Evans,* 95 Ohio App., 292, 118 N. E. (2d), 848.

The motion is, in effect, a demurrer to the answer. In such motion the movant says that "the new matter contained in said answer does not state facts sufficient to constitute a defense."

With these preliminary rules stated with reference to this motion for judgment on the pleadings, let us examine the case to see if we have herein only an issue of law.

The petition alleges that: Dr. Stover is the superintendent of Apple Creek State Hospital and the appointing officer for the civil service position occupied by the relator, Mary S. Barcroft, who was appointed to a civil service position by the said Dr. Stover on September 16, 1955; relator was denied, on December 2, 1957, the right to work, without any previous notice of removal or dismissal and without reason, written or otherwise; she has been wrongfully and illegally deprived of her position and salary, although she has, at all times since December

2, 1957, been ready, able and willing to perform her duties in such position. She says she has no adequate remedy at law.

The answer of the defendant, Dr. Stover, is that: he is the superintendent of the institution and is the appointing officer for certain civil service positions in the institution (there is no admission that he has the power to appoint to this position); relator was appointed to the position of Food Service Worker II on September 16, 1955, a classified civil service position; relator was absent without leave from her work from July 19, 1957, until July 31, 1957, and carried on the roll as absent without leave; relator was reported to the Civil Service Commission as having automatically resigned, in accordance with the rules of such commission; the defendant has now no authority or power to restore relator to duty, which she requested on November 23, 1957, to take effect December 2, 1957.

Under Section 5119.49, Revised Code, the superintendent of Apple Creek State Hospital had the authority to appoint the necessary employees designated therein, but subject to the rules of the Civil Service Commission. The relator was within the classification set out in Section 143.09, Revised Code, and, although it is not admitted in the answer, the natural inference is that Mary Barcroft was one who received her appointment, after proper certification, from the superintendent of the Apple Creek State Hospital.

From the pleadings herein, it is shown that, from July 19, 1957, until demand was made for reinstatement to her position on November 23, 1957, Mary Barcroft was absent without leave, a period of more than four months. It is not alleged, nor can the inference be drawn, that her residence or whereabouts was known to the appointing authority.

There is a statute, Section 143.27, Revised Code, which provides, in its pertinent part, as follows:

"In all cases of removal, the appointing authority shall furnish such employee with a copy of the order of removal and his reasons for the same, and give such officer or employee a reasonable time in which to make and file an explanation. Such order with the explanation, if any, of the employee shall be filed with the commission. Any such employee so removed may appeal from the order of such appointing authority to the state

Civil Service Commission or the municipal Civil Service Commission, as the case may be, within ten days after the date of such removal, in which event the commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within 30 days from and after its filing with the commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority, and the commission's decision is final.''

We find nothing in the statutes which provides for a publication of notice to an employee, or that due diligence shall be exercised to discover the whereabouts of one absent without leave. There is no allegation in the pleadings that the address of Mary Barcroft was known, or that she could have been found, or that a notice could have been given to her in compliance with the statute.

The reason for a four-month absence is not explained. The relator may have been out of the country or removed from the state of Ohio, in which event even an attempt at serving her with a notice would have been a vain thing to do.

We are cognizant of the statutory rule requiring that a notice of removal be given the appointee of a civil service position and the judicial decisions following such rule. *State, ex rel. Brittain, v. Board of Agriculture of Ohio,* 95 Ohio St., 276, 116 N. E., 459.

However, giving the pleadings herein, and particularly the answer, a liberal construction, it may be inferred that attempts were made to serve the required notice, in which event a legal excuse for failure to serve the notice may exist. These are matters of evidence and cannot be decided as matters of law.

Our examination of the cases bearing on our problem here discloses but one case with a similar factual situation. That case arose in this district and remains unreported. It is the case of *State, ex rel. Russell, v. Board of County Commissioners* (No. 4591, Court of Appeals for Summit County, decided March 7, 1956, and found in our book 16, at page 146).

In that case, Russell, the relator, was also absent without leave, and, although an attempt to serve him with notice was made, no notice of the removal was given to him, for the reason that he had moved from his former residence. An oral state-

ment of his removal was given to him by one directly in charge of his work, when he returned to his place of employment and demanded to be reinstated to his former civil service status. He did not thereafter, within 30 days, appeal from this oral statement that he had theretofore been separated from service on the basis of his being absent without leave. This court refused to issue a writ of mandamus to compel the appointing body to reinstate Russell to his civil service position.

The case of *State, ex rel. Waldman,* v. *Burke, Mayor,* 152 Ohio St., 213, 88 N. E. (2d), 578, has some similarity to the matter now before us, but in that case, although the continued absence of the relator was considered and accepted as a constructive resignation, a notice was sent to him by the civil service commission, informing Waldman that his failure to return to work at the expiration of his leave ''was construed as a resignation, whereby his name was 'removed from the roster.' ''

Under the circumstances we find in this record before us, we cannot say, as a matter of law, that, on the pleadings, the plaintiff is entitled to a summary judgment.

The motion is overruled.

*Motion overruled.*

Doyle and Stevens, JJ., concur.