**STATE, ex rel. BURCHARD, Plaintiff-Relator, v. STATE BOARD OF EXAMINERS OF ARCHITECTS OF THE STATE OF OHIO, Defendant-Respondent.**

Ohio Appeals, Tenth District, Franklin County.

No. 6175. Decided September 15, 1959.

Taft, Stettinius & Hollister, Cincinnati, Knepper, White, Richards, Miller & Roberts, Grant S. Richards, of Counsel, Columbus, for plaintiff-relator.

Mark McElroy, Atty. Genl., Columbus, Maurice J. Leen, Jr., Special Counsel, Dayton, for defendant-respondent.

## OPINION

By DUFFY, J.

This is an original action in which a writ of prohibition is sought to prevent the State Board of Examiners of Architects from proceeding with an adjudication hearing involving the license of the relator to practice architecture. A charge was brought against the relator under the provisions of §4703.15 **(B)** R. C. The respondent board has filed a demurrer to the petition on the grounds that the petition does not state facts which show a cause of action. The petition sets forth a notice containing the charges against relator which were as follows:

"You are hereby notified that the State Board of Examiners of Architects of the State of Ohio proposes to revoke your certificate to practice architecture within the State of Ohio by reason of fraud and

deceit in your professional practice, such action being a ground for revocation of certificates of architecture under §4703.15 (B) R. C., of the State of Ohio.

"The charges against you are based upon your continued course of conduct permitting an Ohio corporation, to-wit, A. M. Kinney, Inc., of Cincinnati, Ohio, to unlawfully practice architecture by acting as an agent of said corporation and as such performing services constituting the practice of architecture, well knowing that such practice of architecture by a corporation, through you, was unlawful; that while so engaged in making it possible for said corporation to unlawfully practice architecture, you did fraudulently and/or deceitfully represent, and allowed and permitted representations to be made by others to the effect that you were engaging in the practice of architecture as a partner in a fictitious non-existent partnership known as 'A. M. Kinney Associates' knowing full·well you were in fact an agent of, and performing such service as, an agent of A. M. Kinney, Inc."

The relator raises the question as to whether the respondent board is attempting to revoke relator's license upon the basis of a charge, which in substance, describes no offense for which it has statutory authority of revocation and, therefore, the respondent should have no right to adjudicate. The brief of the relator also raises the question as to whether they have an adequate remedy other than prohibition.

The writ of prohibition is a high prerogative writ to be used with great caution in the furtherance of justice and only when there is no other regular ordinary or adequate remedy. See **State, ex rel. Nolan v. Clem Denning, 93 Oh St 264,** and **Green v. Ohio State Racing Commission, 70 Abs 485.** It is a writ which may be invoked against the courts or tribunals possessing judicial or quasi-judicial powers in order to keep them within the limits of their own jurisdiction. Prohibition is directed to the court or tribunal commanding it to cease from the exercise of jurisdiction which it does not possess. It will not issue to restrain action where the tribunal has jurisdiction of the subject matter and of the person, nor is it to be used to keep a tribunal from deciding the question erroneously.

Has the State Board of Examiners of Architects of the State of Ohio jurisdiction to do the acts which the relator is asking this court to prohibit? **Sec. 4703.15 R. C.,** does give that board power to revoke any certificate of qualification to practice architecture under certain conditions, and the relator has been given notice of the charges brought, so that it appears the board does have jurisdiction to act.

The respondent State Board of Examiners of Architects of the State of Ohio is a board subject to the provisions of **Chapter 119 R. C.,** commonly referred to as the Administrative Procedure Act.

**Sec. 119.12 R. C.,** provides for an appeal from the order of the agency, and further provides that the court may grant a suspension of the order, fix its terms and, upon final determination, may reverse, vacate or modify the order or make such other ruling as is supported by the evidence and the law.

Relator concedes that it has been assumed by many that under the

provisions of §119.12 R. C., an appeal could be made directly to the Common Pleas Court. However, he believes the Board of Review Act, **Chapter 4743 R. C.**, adopted in 1953, alters this procedure since the law gives the Board of Review reviewing jurisdiction over the adjudicating agency's acts and decisions. Relator states that insofar as they know, the provisions of **Chapter 4743 R. C.**, have never been invoked but, in view of the decision of the Supreme Court of Ohio, in the case of **State, ex rel. Lieux v. Westlake, 154 Oh St 412,** he would be required to exhaust his administrative remedies which would include relief through the Board of Review before he could appeal to the court.

**Sec. 4743.03 R. C.,** provides:

"Any person aggrieved by any act of any board, commission or agency created under or by virtue of **Chapters 4701. to 4741., inclusive, R. C.,** may register such grievance with a board of review, consisting of the secretary of state, who shall act as chairman, auditor of state, and treasurer of state * * *."

The acts of this Board of Review are also subject to the provisions of the Administrative Procedure Act. It would appear that §4743.03 R. C., is a permissive section and such a review is not a prerequisite to an appeal to the courts under the provisions of §119.12 R. C., where the right of appeal is given "any party adversely affected by any order of an agency * * *."

The demurrer will be sustained for the reason that the State Board has jurisdiction to do the acts complained of and the plaintiff has an adequate remedy at law. The writ will be denied.

BRYANT, PJ, concurs.
MILLER, J, not participating.