GULLETT, Plaintiff-Relator, v. KLAPP et,
Defendants-Respondents.

Ohio Appeals, Tenth District, Franklin County.

No. 6425.   Decided October 11, 1960.

*Mr. Roy Warren Roof*, and *Mr. Paul E. Rizor*, for plaintiff-relator.

*Mr. Mark McElroy*, attorney general, and *Mr. William G. Carpenter*, assistant attorney general, for defendants-respondents.

For further history see *Omnibus Index* in bound volume.

DUFFY, J.   This is an original action in which the relator, Virgil Gullett, petitions for a writ of prohibition against the members of the Industrial Commission and the Administrator of the Bureau of Workmen's Compensation of the State of Ohio, seeking to prevent them from conducting a hearing on seven different specifications or charges of misconduct on the part of relator, involving his activities as a lay representative of claimants before the Industrial Commission and the Bureau of Workmen's Compensation of Ohio.  Six of these charges of misconduct have to do with the solicitation of authority to represent claimants who had pending claims before the Industrial Commission and the Bureau of Workmen's Compensation, and one dealt with the filing of a fraudulent document or writing (authorization to inspect file) in a pending claim, contrary to the Rules of Practice adopted by the Industrial Commission in accordance with Sections 4123.06 and 4623.88, Revised Code.

Relator says that the respondents are without jurisdiction to hear, try and determine any of the charged specifications or any matter in connection therewith, and unless prohibited they will proceed to hold a hearing causing irreparable damage to the relator for which he has no adequate remedy in the ordinary course of law.   The relator further alleges that his con-

stitutional rights will be violated and he will be denied due process of law as the charges deal with matters of a criminal nature, entitling him to a trial by jury in the county where the alleged violations occurred.

The respondents, the members of the Industrial Commission and the Administrator of the Bureau of Workmen's Compensation, filed an answer in which they admit that they had filed the charges against the relator and had summoned him to appear for hearing to show cause why he should not be suspended from practicing before the Industrial Commission and the Bureau of Workmen's Compensation. They further admitted that Section 4123.06, Revised Code, is a section of law granting power to the Industrial Commission of the State of Ohio to make rules and regulations concerning the practice before said Commission, and providing for a suspension of practice for violation of their rules.

For their first defense respondents allege that the relator was a layman, licensed to practice before them, and is not a member of the Ohio BAR; that Rule VII of the Commission at all times mentioned in relator's petition was a valid and subsisting rule, and reads as follows:

"A licensed representative shall not:

"1. Seek out persons with claims, or employ agents or runners for like purpose, or pay or give anything of value to another person to solicit employment in workmen's compensation claims.

"* * * *"

The respondents stated, in answer to the petition, that the statement of charges were filed against and served upon the relator and sufficiently charged him with violating their Rules of Practice in the particulars set out, and that they had jurisdiction by virtue of Section 4123.06, Revised Code, to suspend the license of the relator and, accordingly, to proceed with the hearing upon the charges.

As a second defense it was alleged that the respondent, Administrator of the Bureau of Workmen's Compensation, is vested with all the authorities and powers of the respondent, Industrial Commission of Ohio, by virtue of Section 4121.121, Revised Code, and has the authority to sit, hear and determine the truth of the charges filed against the relator.

As a third defense it was stated that at no time did the respondents file any affidavit against the relator charging him

with criminal violation of Section 4123.88, Revised Code, and at no time did they assert any jurisdiction which was in excess of that granted to them by Section 4123.06, Revised Code.

As a fourth defense the respondents point out that Section 4123.86, Revised Code, provides for an appeal to the Supreme Court of Ohio on questions of law, for review and possible modification of the decision of the respondents, and that this gives the relator an adequate statutory remedy in the ordinary course of law, and for that reason they do not feel that he is entitled to the extraordinary remedy of a writ of prohibition.

As a fifth defense the respondents point out that in July, 1958, the relator commenced an action in prohibition in the Supreme Court of Ohio against the same respondents, seeking the identical relief requested in his present petition but, because the respondents were estopped from taking the deposition of the relator, the petition was dismissed and the alternative writ dissolved, as recorded in 168 Ohio St., 374.

The relator, in reply, admits that he is a layman licensed to practice before the respondents; that he is not a member of the Ohio Bar; admits that Rule VII of the Rules of Practice was duly adopted by the respondent, Industrial Commission, and admits the wording as set forth above; admits that a statement of charges was filed against and served upon him charging him with violation of said Rules of Practice; admits that he was ordered to appear to answer said charges; and further admits that at no time was an affidavit charging him with criminal violation of Section 4123.88, Revised Code, filed against him.

Relator admits that Section 4123.06, Revised Code, provides for an appeal to the Supreme Court of Ohio on questions of law, for review and possible modification of the decision of the respondents; and also admits his prior action of prohibition commenced in the Supreme Court of Ohio.

The respondents filed a motion to dissolve the restraining order and later filed a motion for judgment on the pleadings.

The relevant part of Section 2323.18, Revised Code, provides:

"When, upon the statements in the pleadings * * * one party is entitled by law to judgment in his favor, * * * judgment shall be so rendered by the court * * *."

and presents a question of law which must be determined upon consideration of the pleadings only, which pleadings should

be liberally construed in favor of the party against whom the motion is filed. See *Knight* v. *Strong et al.*, 101 Ohio App., 347, and *The State, ex rel. Barcroft* v. *Stover,* 106 Ohio App., 513.

A writ of prohibition is a high prerogative writ to be used with great caution in the furtherance of justice and only when there is no other regular ordinary or adequate remedy. See *State, ex rel. Nolan* v. *Clendening et al.*, 93 Ohio St., 264, and *Green* v. *Ohio State Racing Commission,* 70 Ohio Law Abs., 485. It is a writ which may be invoked against the courts or tribunals possessing judicial or quasi-judicial powers in order to keep them within the limits of their own jurisdiction. Prohibition is directed to the court or tribunal commanding it to cease from the exercise of jurisdiction which it does not possess. It will not issue to restrain action where the tribunal has jurisdiction of the subject matter and of the person, nor is it to be used to keep a tribunal from deciding the question erroneously.

The answer sets forth that Section 4123.06, Revised Code, is a section of law granting power to the Industrial Commission of the State of Ohio to make rules and regulations concerning the practice before said Commission, and providing for a suspension of practice before said Commission for violation of .its rules, from which there can be an appeal to the Supreme Court of Ohio.

The reply of the relator admits that the rule of practice prohibiting solicitation was duly adopted by the Industrial Commission, and admits that the same section provides for an appeal to .the Supreme Court of Ohio on questions of law, for review and possible modification of the decision of the Industrial Commission.

Giving the pleading a construction most favorable to the relator we can come to no other conclusions than that he does have an adequate remedy at law by way of appeal from the Commission's decision to the Supreme Court of Ohio, and that the Industrial Commission does have jurisdiction of the party (licensed practitioner) and subject matter (suspension of license to practice before it). Relator is therefore not entitled to an extraordinary writ, such as prohibition.

The alternative writ will be dissolved and the motion for judgment on the pleadings sustained.

BRYANT, P. J., concurs.