EDWARD MILLER, By next friend, Respondent, v.
ST. LOUIS & SAN FRANCISCO RAILROAD
COMPANY, Appellant.

St. Louis Court of Appeals, March 2, 1915.

1. **RAILROADS: Acts of Section Men: Scope of Authority.** A
section man stationed near the brake on a hand-car on which
several other section men were riding acted within the line of
his duty in setting the brake to avoid a collision with another
hand-car.

2. **NEGLIGENCE: Trial Practice: Waiver of Variance Between
Pleading and Proof.** Evidence, in a negligence case, which
goes beyond the averments of negligence contained in the peti-
tion, but which does not disprove them, is treated as an im-
material variance, if it is received without objection by defendant,
and is properly made the predicate of an instruction authoriz-
ing a verdict for plaintiff.

3. **RAILROADS: Injury to Servant: Trial Practice: Waiver of
Variance Between Pleading and Proof.** In an action against a
railroad company for injuries to a section man thrown from a
hand-car, the variance between the petition, which alleged that
"one of the men" on the car negligently placed his foot on the
brake and so suddenly stopped the car as to throw plaintiff from
it, and evidence that a coemployee set the brake, based on the
theory that the petition did not allege that the man who set the
brake was a coemployee, was immaterial, since defendant did not
object to the evidence being received, and hence the court prop-
erly submitted the evidence to the jury.

4. ————: ————: **Pleading: Sufficiency of Petition After Ver-
dict.** A petition, in an action against a railroad company for
injuries to a section man thrown from a hand-car, which alleged
that "one of the men" riding on the car negligently placed his
foot on the brake, so that the speed of the car was suddenly
checked, throwing plaintiff from it, sufficiently charged, after
verdict, in view of the Statute of Jeofails (Sec. 2119, R. S. 1909),
that the man who applied the brake was a coemployee.

5. **PLEADING: Sufficiency of Petition After Verdict.** After
verdict, all reasonable inferences and intendments are utilized
in aid of the petition.

6. **RAILROADS: Injury to Section Man: Negligence of Fellow-
Servant.** Members of a section crew, working together, are

within the statute abrogating the fellow-servant doctrine as to employees engaged in the work of "operating a railroad" (Sec. 5434, R. S. 1909, *et seq.*), so that a member of a section crew riding on a hand-car may recover for injuries sustained by reason of the negligence of another member of such crew.

7. ———: ———: ———: ———: **Sufficiency of Evidence.** In an action against a railroad company for injuries to a section man thrown from a hand-car, evidence that nine men were riding on the car, when it was suitable only for six men, and that one of the men on the car applied the brake so as to check the speed of the car suddenly, causing plaintiff to be thrown from the car, was sufficient to warrant a finding that the coemployee who applied the brake was negligent, and hence the case was one for the jury.

8. **INFANTS: Contracts: Estoppel.** An infant who executes an instrument which recites that he is of age is not thereby estopped from relying on infancy, although he had reached years of discretion.

9. **DAMAGES: Personal Injuries: Excessiveness of Recovery.** A verdict of $1500 for injuries to a boy sixteen years of age, consisting of a fracture of the collar bone and injury to his head and arm, causing suffering for a considerable time, was not excessive.

Appeal from Pemiscot Circuit Court.—*Hon. Frank Kelly*, Judge.

AFFIRMED.

*W. F. Evans, Moses Whybark* and *A. P. Stewart* for appellant.

(1) The demurrer to plaintiff's evidence should have been sustained, and the peremptory instruction requested by defendant at the close of the whole case should have been given. The crowded condition of the handcar was not the proximate cause of the injury. Plaintiff must recover, if at all, on the specific negligence pleaded. Waldhier v. Railroad, 71 Mo. 514; Price v. Railroad, 72 Mo. 414; Yarnell v. Railroad, 113 Mo. 570; McGrath v. Transit Co., 197 Mo. 105; Orcutt v. Bldg. Co., 201 Mo. 443; Hamilton v. Railroad, 114

Mo. App. 509. (2) Instruction number 1 given for plaintiff is erroneous, in that it submits to the jury the question of the negligence of a fellow-servant, while the petition does not count on the negligence of a fellow-servant. This instruction is broader than the petition. Price v. Railroad, 72 Mo. 416; Yarnell v. Railroad, 113 Mo. 570; Black v. Railroad, 217 Mo. 685; Schumacher v. Brew. Co., 247 Mo. 162; Fulkerson v. Thornton, 68 Mo. 468; Melvin v. Railroad, 89 Mo. 106; Whitlock v. Appleby, 49 Mo. App. 297; Kellog v. Kirksville, 132 Mo. App. 527; State ex rel. v. Land & Lbr. Co., 161 Mo. 664; 13 Enc. Pl. & Pr., p. 894; Helfrich v. Williams, 84 Ind. 553; Walker v. Railroad, 121 Mo. 575; Overton v. Railroad, 111 Mo. App. 613. (3) The court erred in giving instruction number 4 for plaintiff, and in refusing instruction number 4 requested by defendant. (4) The verdict is excessive, notwithstanding the remittitur. Haynes v. Trenton, 108 Mo. 134.

*C. G. Shepard* and *Everett Reeves* for respondent.

(1) The trial court properly refused defendant's demurrer offered at the close of the plaintiff's evidence, and the court also committed no error in refusing defendant's peremptory instruction requested by it at the close of the whole case. There were two charges of negligence in the petition, to-wit, (a) the dangerous place which the plaintiff was forced to occupy on account of the over-crowded condition of the handcar, and (b) the negligence of the co-employee in suddenly checking the speed of the car. These two charges of negligence are entirely consistent with each other; both charges may be true; and in such case, if there is evidence to sustain either charge the plaintiff has the right to go to the jury. And if there is evidence tending to establish the two charges of negligence

in the petition in this case, as we maintain that there is, then the plaintiff had the right to go to the jury on each of said charges or acts of negligence. Waller v. Railroad, 59 Mo. App. 410; Jordan v. Transit Co., 202 Mo. 418; White v. Railroad, 202 Mo. 560; Robinson v. Railroad, 133 Mo. App. 101; Young v. Shickle, etc., 103 Mo. 324; Browning v. Railroad, 124 Mo. 55; Richardson v. Railroad, 223 Mo. 325; Haley v. Railroad, 197 Mo. 23. (2) Under point 2 of appellant's brief it is insisted that instruction number 1 given for plaintiff is erroneous, "in that it submits to the jury the question of the negligence of a fellow-servant, while the petition does not count on the negligence of a fellow-servant," The petition sets out every element necessary to a recovery under our fellow-servant statute. Sec. 5434, R. S. 1909; Thompson v. Chappell, 91 Mo. App. 297; Rice v. Railroad, 92 Mo. App. 35. (3) The verdict of the jury was for $2000. Plaintiff entered a remittitur of $500, and judgment was rendered for $1500. The amount of the judgment is not excessive. Robinson v. Frisco, 133 Mo. App. 101.

NORTONI, J.—This is a suit for damages accrued on account of personal injuries received through defendant's negligence. Plaintiff, a minor, suing by his next friend, recovered and defendant prosecutes the appeal.

Plaintiff was injured by being thrown from a handcar while in defendant's employ as a section hand. It appears that a considerable number of men, together with plaintiff, worked on defendant's railroad under E. P. Virgin, the section foreman. Two separate handcars were employed to convey the men to and from the work. On the day in question Virgin, the foreman, and a number of men boarded one of the handcars and ordered plaintiff and eight others to board the other and follow to the place of work. It is said the handcar on which plaintiff was riding was a small one and

not sufficient to accommodate with safety so many men —that is, nine in number. However, under the direction of the foreman, this number boarded and propelled the car immediately in the rear and about thirty feet distant from the forward car, on which Virgin, the foreman, and the other men were riding. Because of the number of men and the crowded condition of the car, plaintiff stood on the forward end and aided in pumping the handle, or lever bar, up and down by the use of one hand with which he held thereto.

The evidence tends to prove plaintiff was but sixteen years old at the time and somewhat inexperienced, as he had been pursuing that avocation but a few weeks. The brake on the handcar was designed to be and was operated by one of the men placing his foot thereon when occasion should require. The two cars moved forward at a considerable rate for about one and one-half miles, when the forward car slackened its speed, and thereupon Sam Edmonds, a workman on the car with plaintiff, but riding on the other end and facing toward the car ahead, suddenly set the brake on the rear car by placing his foot thereon with great force, so as to check the speed of the car abruptly and thus throw plaintiff forward, to his injury. Plaintiff received severe and painful injuries as a result of the fall, for the handcar on which he was riding ran upon him, and it appears he was laid up for some time. At the time plaintiff was thrown from the car and injured, he was riding on the forward end of the rear car with his back toward the handcar on which the foreman was riding. In this position, of course, he would face the rear end of the car.

On the part of defendant, the evidence tends to prove that, though plaintiff was riding as above described on the handcar with eight other men, he voluntarily jumped forward therefrom when the forward car slackened its speed and came to his injury be-

cause of this fact and without fault on the part of defendant.

It is argued the court should have directed a verdict for defendant because it does not appear that the negligence charged in the petition against defendant and revealed in the evidence was the efficient and proximate cause of the injury. There can be no doubt that the evidence is amply sufficient and the argument advanced with respect to this matter proceeds rather on a discriminating view of the petition. In order to consider it, it will be necessary to state the substance of the negligence assigned.

The petition sets forth the facts fully, to the effect that plaintiff and a number of others were in defendant's employ as section men under the direction of its foreman, and that such foreman ordered him, together with eight others, on the handcar to be conveyed to their place of work as above stated. It is then averred that the handcar was a small one and not sufficient in size to accommodate as many as nine men, and this defendant well knew at the time; that, because of the size of the handcar and its crowded condition, plaintiff was required to take a position on the forward end—that is, "on the very front edge of said car—and assist in propelling the car with but one hand at a time;" that such position was a dangerous one and well known to defendant and its foreman and was unknown to plaintiff because of his youth and inexperience. The petition then charges: "Plaintiff further states that, while he was so riding on said overcrowded car, as aforesaid, and while using due care on his part for his safety, one of the men riding on said car with plaintiff negligently and carelessly placed his foot on the brake used for checking the speed of and stopping said car, so that the speed of said car was suddenly checked so that plaintiff, by reason of the crowded condition of said car, as aforesaid and by reason of the position in which he was forced to

stand while riding on said car, was thrown from said car and in front thereof, so that said car ran upon and over plaintiff," etc.

The evidence amply supports the charges laid in the petition. It is said that six men were all that could safely be accommodated on the particular car, and it appears defendant had ordered nine men to ride thereon and they were thus crowded together. Because of the crowded condition of the car, plaintiff was holding and pumping with but one hand on the lever bar, which moves upward and downward, standing on the foremost and outward edge of the car when the brake was suddenly set by Edmonds, a fellow workman, with the result of throwing him forward. But the argument above suggested proceeds on the theory that the only negligence charged in the petition relates to the crowded condition of the car, without regard to the further specification of the sudden setting of the brake by plaintiff's fellow workman, Edmonds. It seems to concede that the evidence is sufficient on this score, but goes to the effect that the petition is insufficient in laying a charge of negligence against defendant on account of the setting of the brake by the fellow workman, Edmonds, for that it is not specifically stated that Edmonds was a fellow employee, and it may be that he was a mere stranger on the car and in no wise representative of the master in performing the act of setting the brake.

If Edmonds was a fellow workman of plaintiff—and the evidence shows beyond question that he was—and stationed on the car in the immediate proximity of the brake, no one can doubt that he acted within the line of his duty as such in setting the brake in order to obviate a collision, when the forward car, but thirty feet away, slackened its speed immediately ahead. But it is said, though such be true, the petition in no wise charges that the brake was set by a fellow workman or one in the employ of defendant and that, as

the sudden setting of the brake appears to be the proximate and moving cause of the injury, no recovery should be allowed on the negligence stated with regard to the crowded condition of the car, for that alone, though pleaded, does not appear to have caused the injury. The precise wording of the petition with respect of this matter is: *"One of the men* riding on said car with plaintiff negligently and carelessly placed his foot on the brake used for checking the speed and stopping said car, so that the speed of said car was suddenly checked."

Although the petition asserts several acts of negligence against defendant, which appear to have conspired and co-operated together by way of inducement to the injury, after all the sudden setting of the brake is the real, proximate, efficient and moving cause of plaintiff's hurt, for, though the car was crowded, no doubt the journey would have been safely made with plaintiff standing on the very verge of the foremost end except for the fact that Edmonds suddenly set the brake and abruptly checked the course of the car with such force as to precipitate him forward to his hurt. It is true, too, that, for aught that appears in the express averments of the petition, the man on the car who set the brake may have been an outsider and one for whose careless act defendant was in nowise responsible. But the evidence concerning this matter—that is, that the brake was set by Edmonds and that he was a co-employee, stationed on the car immediately adjacent to the brake—was received without objection on the part of defendant, and it certainly did not disprove the specification of negligence now under consideration. This being true, the matter is to be treated as an immaterial variance, and the court very properly submitted it to the jury. Defendant waived its right to complain on that score through omitting to object to such testimony as went beyond the averment of the petition. [Chamlee v. Planters Hotel Co., 155 Mo.

App. 144, 134 S. W. 123; Mellor v. Mo. Pac. R. Co., 105 Mo. 455, 16 S. W. 849.]

Furthermore, the petition in respect of this matter should be regarded as sufficient when considered after verdict, under the Statute of Jeofails. The question does not arise on a demurrer to the petition but after all of the evidence was introduced, revealing a dereliction on the part of a servant of defendant for which it may be required to respond. It is to be inferred from the petition, when considered in all of its parts, that the man who is charged to have suddenly put his foot on the brake was a fellow workman of plaintiff in defendant's employ, for every reference therein seems to be to members of the section gang. In such circumstances, the petition would be regarded sufficient after verdict and judgment, for then all reasonable inferences and intendments given forth by its averments are to be accumulated and utilized in aid of the pleading. [See Thomasson v. Ins. Co., 217 Mo. 485, 116 S. W. 1092; s. c. 114 Mo. App. 109, 89 S. W. 564, 1135.]

There can be no doubt that members of a section gang, working together, fall within the rule of our statute abrogating the fellow service doctrine in respect of coemployees engaged in the work of operating a railroad. [See Callahan v. St. Louis, etc. R. Co., 170 Mo. 473, 71 S. W. 208.] So, too, it is well settled that a section hand riding on a hand car is within the protection of the statute and may recover for a dereliction of duty on the part of his fellow-servant, which occasioned the injury, as in the instant case. [See Rice v. Wabash R. Co., 92 Mo. App. 35.] Edmonds should have anticipated the probability of plaintiff's being precipitated from the car by a sudden application of the brake and guarded against it. It is clear the case was a proper one for the jury and the court did not err in refusing to direct a verdict for defendant.

The answer pleads a release of the cause of action on the part of plaintiff, in that he applied to defendant for work subsequent to his injury and executed a release in order to procure the employment. The purported release introduced in evidence and asserted in the answer recites that plaintiff was more than twenty-one years of age and that in consideration of his re-employment by defendant for one day at the stipulated price of $1.50 per day—that is, the usual wage—he released defendant from all claims and demands on account of damages resulting from his prior injury. In connection with this, it is made to appear that defendant re-employed · plaintiff . and paid him $1.50 per day, as it did the other men, for the time he continued to work for it, which exceeded one day—that is, the consideration mentioned in the purported release. The evidence is conclusive that plaintiff was an infant at, the time, between sixteen and seventeen years of age. The court instructed the jury that, because of his infancy, plaintiff was not bound by the alleged release. Defendant requested the court to instruct the jury that plaintiff was estopped from asserting that he was an infant at the time of executing the release because of the fact that he recited therein he had reached the age of maturity. It is urged the court erred in refusing this instruction, but the argument is without merit. There seems to be authority for the proposition that an infant who has reached the years of discretion may be estopped in some cases, where the conduct on which the estoppel is sought to be based has been intentional and fraudulent, as will appear by reference to 22 Cyc. 512, 513. But, whatever the rule may be elsewhere, the doctrine referred to is without influence here. The rule of decision established by our Supreme Court is to the effect that infants are not subject to the binding effect of estoppel. And the court did not error in refusing defendant's

instruction referred to. [See Campbell v. Laclede Gas Co., 84 Mo. 352; McBeth v. Trabue, 69 Mo. 642.]

It is argued that plaintiff's principal instruction —that is, number 1—given by the court on his behalf is erroneous, in that it submits to the jury a specification of negligence which is not alleged in the petition —that is, that plaintiff received his injury through the fault of his fellow workman in suddenly applying the brakes and thus checking the car. From what has been said, it is obvious the instruction is not subject to the criticism leveled against it, and it is unnecessary to further discuss it.

We do not regard the verdict of $1500 as excessive, for it appears plaintiff suffered a fracture of his collar bone, an injury to his head and his arm and suffered for a considerable time.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.