[Civ. No. 1701.    Fourth Appellate District.—June 8, 1935.]

EDDIE E. DEASON et al., Appellants, v. WILLIE JONES, Respondent.

M. H. Broyles for Appellants.

No appearance for Respondent.

BARNARD, P. J.—The defendant, under a statute of Oklahoma authorizing such a procedure, obtained in a court of

that state a decree conferring upon him "the rights of majority concerning contracts" and authorizing and empowering him "to transact business in general with the same effect as if such business were transacted by a person over the age of majority". He was then a resident of that state and nineteen years of age.

Thereafter he came to California and on August 31, 1931, before he had attained the age of twenty-one years, entered into a contract to purchase certain real property from the plaintiffs. In this action for specific performance, which followed, an answer was filed for the defendant by a guardian *ad litem* setting up a disaffirmance of the contract in question. Before the trial the defendant reached the age of twenty-one years and filed another answer in which he disaffirmed the contract on the ground that he was a minor at the time it was entered into. The court found that the defendant was a minor at the time he entered into the contract and that he had disaffirmed the same on coming of age. From a judgment in his favor the plaintiffs have appealed.

No brief has been filed on behalf of the respondent. ▪ The appellants raise three points which are all based upon the contention that the finding to the effect that the respondent was a minor on August 31, 1931, is not sustained by the evidence and this, in turn, is based upon the claim that the decree entered by the Oklahoma court is controlling here and conclusively establishes that the respondent was not then a minor.

▪ It is argued that the status of majority is a legal status, that the decree conferring "the rights of majority concerning contracts" established a legal status of majority with reference to the respondent, and that having been thus endowed with the "status of majority" while he was a citizen of Oklahoma this status continued in California when he became a citizen of this state, under the familiar constitutional provision that full faith and credit must be given to the judicial records and judgments of a sister state.

The decree referred to did not give to the respondent a legal status of majority and did not purport to do so. It merely gave him the right to transact business with the same effect as if such business were transacted by a person who had acquired such a status of majority. This was a personal privilege conferred upon the respondent in a special proceeding applicable only to the state in which the proceeding was

brought and the purpose and intent of which was to enable him to transact business within that state and within the jurisdiction of the law authorizing such a procedure. Doubtless any state would give full faith and credit to this decree by recognizing any contract which the respondent might have made in that state in accordance with the right thus conferred upon him.

But this decree neither purported to nor did change the status of respondent while he was in another state where his actions and contracts would be governed by the laws there prevailing. ■ The status of all persons within a state is exclusively a matter for that state to determine for itself. (*Kinnier* v. *Kinnier*, 45 N. Y. 535 [6 Am. Rep. 132].) In the exercise of a well-established right the legislature of this state has made its own provisions respecting the contractual rights and obligations of minors. Those provisions were controlling with respect to this contract which was made in this state; and the respondent had acquired no status which exempted him therefrom.

The judgment appealed from, being fully sustained by the evidence, is affirmed.

Marks, J., and Jennings, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 6, 1935.