RUTH WATSON and GEORGE WATSON, Plaintiffs-Appellants, v. JAMES· B. BUGG and AURORA CASKET COMPANY, a Corporation, Defendants-Respondents, No. 44314—280 S. W. (2d) 67.

Court en Banc, June 13, 1955.

*E. C. Hamlin* and *C. M. Wantuck* for appellants.

*Turner White* and *Chinn & White* for respondents.

[68] VAN OSDOL, C.—This is an appeal from a judgment entered upon the trial court's sustention of defendants' motion for judgment on the pleadings. The case involves questions of the timeli-

ness and sufficiency of a tender upon repudiation of a contract of release.

Plaintiffs instituted the action July 19, 1951, for damages for personal injuries occasioned by the collision, March 3, 1951, of the automobile in which the plaintiff wife was riding and a motor vehicle belonging to defendant Aurora Casket Company and operated by defendant James B. Bugg.

Plaintiffs' original petition was in two counts. In the first count, the plaintiff wife, Ruth Watson, sought recovery of $35,000 actual, and $5,000 punitive damages; and, in the second count, the plaintiff husband, George Watson, sought recovery of $5,000 for medical expenses incident to the treatment of his wife, and for the loss of her companionship and services.

In the original petition, it was alleged that defendants through their agents secured a purported release from plaintiffs for and in consideration of the sum of $305; that the release was secured and executed through a mutual mistake of fact; that the mistake of fact consisted of a belief, on the part of all concerned including a medical examiner at the time, that the plaintiff wife had sustained injuries only to her fingers and damage to her clothing, whereas plaintiff wife, it was alleged, had suffered further and more serious injuries.

Subsequently, on November 20, 1953, plaintiffs filed their amended petition, also in two counts. In the amended petition it was alleged that defendants through their agent and medical examiner fraudulently caused a purported release to be secured from plaintiffs; that the physician made positive representations of fact to plaintiffs to the effect that all injuries sustained by plaintiff, Ruth Watson, were of a temporary nature, and she would not be further troubled with the injuries; that further representations were made to the effect that a blow to the wife's head and injury to her internal organs (alleged to have been suffered in the collision) to which the physician's attention had been directed, were of no consequence; and that all of the representations were untrue and served to induce plaintiffs to enter into the purported release. Plaintiffs also stated they had made a tender of $305 received at the time of the purported release which sum defendants had refused to accept. In the original petition and in the amended petition, the plaintiffs prayed the court to "set aside, cancel, and hold for naught the purported release - - - for the reasons as shown, and that plaintiff have judgment against defendants" on the original claims, "less the sum of $305 heretofore paid."

Defendants' answer admitted and denied various allegations of the petition, and further stated "that on the 30th day of March, 1951, for a valuable consideration paid to them on said date by defendants, to-wit: the sum of $305.00, plaintiffs and both of them executed and delivered to defendants a full and complete release and discharge of and from any claim on account of said accident - - -." A copy of the

release was attached to the answer. Further answering, defendants stated that plaintiffs' original petition had been filed July 19, 1951, and on November 19, 1953, an attorney for plaintiffs came to the office of defendants' attorneys "and laid the sum of $305.00 in cash on the desk of one of defendants' attorneys and stated that said sum was a tender of the proceeds received under said release; that said sum was refused by defendants' attorneys; that plaintiffs had not at any time previous to November 19, 1953, offered to return any part of the consideration received by them for the release."

Upon motion, the trial court required plaintiffs to file a reply in which reply plaintiffs stated that they had not, prior to November 19, 1953, made a tender to [69] defendants; but that at the time of the making of the tender, November 19th, the defendants made no objection that the tender was not timely.

Defendants' motion for judgment on the pleadings, which was sustained by the trial court, specifically stated that the affirmative allegations in defendants' answer, and the admission of the facts as to the tender of the consideration received, disposed of the entire litigation without regard to other or further proof.

Herein, plaintiffs-appellants contend the trial court erred in rendering judgment for defendants. They assert their tender of the amount they had received as consideration for the release, as they alleged in their amended petition, was timely and sufficient and it was not absolutely essential for them to have restored or tendered restoration before they originally instituted their action on their original claim. Defendants-respondents on the other hand contend the restoration or tender of restoration was a condition precedent to the vesting in plaintiffs of a claim or a cause of action. They say plaintiffs' failure to restore the consideration plus interest, or tender the same before they instituted their action, was fatal to their case, and the trial court's judgment should be affirmed.

As to the rescission of contracts of settlement or release on the ground of fraud, and the essentiality of a tender—in this State there is a distinction between fraud in the factum or the execution and fraud in the treaty or the inducement as to the requirement of restoration or tender of restoration of the consideration for a release. Fraud in the factum renders the contract void, and no tender is necessary. Fraud in the treaty (as was alleged in the amended petition in this case) renders it merely voidable, and absent some other ground dispensing with the rule, tender is a prerequisite or condition precedent to the avoidance of the release and to the maintenance of an action on the original claim or cause of action. Metropolitan Paving Co. v. Brown-Crummer Inv. Co., 309 Mo. 638, 274 S. W. 815; McCoy v. James T. McMahon Const. Co., Mo. Sup., 216 S. W. 770; Althoff v. St. Louis Transit Co., 204 Mo. 166, 102 S. W. 642; Och v. Missouri, K.&T. R. Co., 130 Mo. 27, 31 S. W. 962; Loveless v. Cunard

Mining Co., Mo. App., 201 S. W. 375; Wessel v. Wm. Waltke & Co., 196 Mo. App. 582, 190 S. W. 628; Malkmus v. St. Louis Portland Cement Co., 150 Mo. App. 446, 131 S. W. 148; Annotation 134 A.L.R. 6, at page 49. The instant action upon an unliquidated claim for damages was not within an exception to the rule of essentiality of a tender, which exception is that a plaintiff-releasor is not required to return that which he would in any event be entitled to retain because of a defendant's original liability. Contrast Trokey v. U. S. Cartridge Co., Mo. App., 222 S. W. 2d 496.

Prior to Section 934 R.S. 1939, a statute originally enacted in 1899 but repealed in 1943 (L. 1943, p. 353, Civil Code of Missouri), it was held that a release must be set aside in an equitable action but the Section 934 changed that, making it proper procedure to attack a release by reply in an action at law. Althoff v. St. Louis Transit Co., supra. The Section provided that the issue of the fraudulent or wrongful procurance of a release should be submitted to the jury with other issues in the case. But the Section was procedural and did not change the law governing the rescission of contracts of settlement upon the ground of fraud. Althoff v. St. Louis Transit Co., supra; Wessel v. Wm. Waltke & Co., supra. It will be observed that § 509.070 RSMo 1949, V.A.M.S. (L. 1943, p. 370, Civil Code of Missouri), provides that a plaintiff may state his original claim against the defendant and also in either the original or amended petition or a reply, a claim for having any release, composition, settlement, or discharge of the original claim set aside as fraudulent or otherwise wrongfully procured. We are of the opinion the last named § 509.070, like the former Section 934, did not change the substantive law governing the rescission of contracts of settlement upon the ground of fraud. Nor do we suppose the latter § 509.070 contemplated [70] that litigants may no longer avail themselves of the procedure of submitting the issue of the fraudulent or wrongful procurance of a release, composition, settlement or other discharge, to a jury along with all other issues in the case, with a general verdict on all issues.

In Althoff v. St. Louis Transit Co., supra, the reply alleged the repudiation of a contract of settlement on the grounds, inter alia, of fraud, and the tender by plaintiff of the consideration of the contract to defendant before the institution of the action. It was said that a court cannot declare as a matter of law, in a given case, what will be a reasonable time within which to make the tender. (Except in a case wherein we may say that reasonable minds could not differ on the issue.) This is a question of fact for the jury to determine according to the facts and circumstances of each case under the guidance of proper instructions to be given by the court. In the Althoff case, as stated, the restoration of consideration was allegedly tendered prior to the institution of the action, and the evidence introduced supported the allegation. In that case defendant did not

proffer an instruction submitting the issue of the timeliness of the tender and consequently ·waived that issue.

It is just that a plaintiff should not appropriate the benefits of a contract of settlement and deny its obligations. A contract of settlement or release like other contracts may be rescinded on the ground of fraud (or mutual mistake of fact), but only upon repudiation and tender within a reasonable time after discovery of the fraud. Althoff v. St. Louis Transit Co., supra.

It would seem that a tender may be timely even if it is made after the institution of the action. 45 Am. Jur., Release, § 52, pp. 711-712. However, in several decisions it has been said that tender should be made before the institution of the action on the original claim. McCoy v. James T. McMahon Const. Co., supra; Wessel v. Wm. Waltke & Co., supra; Kingman-Moore Implement Co. v. Ellis, 125 Mo. App. 692, 103 S. W. 127. This is on the theory that a plaintiff has no "cause of action", or no "right to sue" or may not "maintain an action" on an original claim until there is rescission including the essential restoration or tender of the restoration of the status quo. McCoy v. James T. McMahon Const. Co., supra; Althoff v. St. Louis Transit Co., supra. We surmise that the language, indicating the tender *must* be made before the institution of the action on the original claim, is a "carry over" from the time prior to 1899, when it was sometimes said to have been necessary to bring and successfully maintain an equitable action for a rescission before instituting an action at law on the original claim. See again Och v. Missouri, K.&T. R. Co., supra. However that may be, yet, in our case, even though plaintiffs made no actual tender before they filed their original petition and made no tender in their original petition, it was admitted that the day preceding the filing of plaintiffs' amended petition, plaintiffs actually tendered the amount they had received as consideration for their execution of the release. Having made the tender plaintiffs could and did state a claim, including the performance of the condition to its maintenance, in their amended petition by including the allegations of defendants' fraud in the procurement of the release and the plaintiffs' tender of the restoration of the amount received.

But it is contended the amount of the tender was not sufficient, inasmuch as interest was not included. Language of the court in the case of Wessel v. Wm. Waltke & Co., supra, indicates that tender should be of the amount received and interest thereon. This was also the opinion of the reviewing court in Carroll v. United Rys. Co. of St. Louis, 157 Mo. App. 247, 137 S. W. 303 (overruled on another point in Blank, Inc. v. Lennox Land Co., 351 Mo. 932, 174 S. W. 2d 862). Most of the cases, which we have cited supra, state that a plaintiff in repudiating a release is obliged to tender defendants with the "amount received" and we hesitate, where the issue is fraud, to recog-

nize a further and possibly onerous requirement that interest must be included. We note that this court in the case of Macklin. v. Fogel Const. Co., 326 Mo. [71] 38, 31 S. W. 2d 14, at page 18, in speaking of the sufficiency of the tender as made in that case, made in circumstances similar to the alleged tender in our case, held the tender of the amount received was sufficient, making no mention of the inclusion of interest.

The judgment should be reversed, and the cause remanded.

It is so ordered.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the Court en Banc. Leedy, C.J., Dalton, Hollingsworth, Westhues and Storckman, JJ., concur. Hyde and Eager, JJ., dissent.