**Erskine Mike NELSON, Appellant,**

v.

**Gilbert Absolom BROWNING, Respondent.**

No. 50743.

Supreme Court of Missouri,

Division No. 1.

June 14, 1965.

Motion for Rehearing or to Transfer to Court
En Banc Denied July 12, 1965.

See also Mo., 391 S.W.2d 881.

Hyde, Purcell & Wilhoit, Poplar Bluff, for respondent.

Schwartz, Schwartz & Gilden, St. Louis, for appellant.

HOUSER, Commissioner.

Action for $100,000 damages for personal injuries. Plaintiff has appealed from an or-

der sustaining defendant's motion for summary judgment.

On February 11, 1963 plaintiff filed a petition in the Circuit Court of Butler County, Missouri charging defendant with negligently causing a collision between defendant's truck and plaintiff's vehicle resulting in the loss of plaintiff's left arm and other personal injuries to plaintiff. The collision referred to occurred on June 4, 1956 at which time plaintiff lacked about one month of having attained the age of 19 years.

On March 5, 1963 defendant filed an answer in which he denied the charges of negligence, pleaded contributory negligence, and further pleaded in bar that on October 11, 1956 plaintiff executed a release for $10,500, following statutory proceedings in the Circuit Court of Randolph County, Arkansas for the removal of plaintiff's disabilities as a minor.[1]

On March 5, 1963 defendant filed a motion to dismiss plaintiff's petition on the ground that more than 5 years had elapsed since the removal of plaintiff's disabilities and therefore the action is barred by limitations, and that plaintiff's petition did not state sufficient grounds upon which relief could be granted. The court did not act on the motion to dismiss.

On the same day defendant filed a motion for summary judgment, alleging that there were no genuine issues as to any material fact; that under Civil Rule 74.04, V.A.M.R. defendant was entitled to a summary judgment in his favor as a matter of law. Incorporated by reference were a copy of plaintiff's petition for removal of disabilities of minority; a transcript of the hearing therein in the Arkansas court; a copy of the order removing plaintiff's said disabilities and a copy of a release signed by plaintiff. Defendant asked for summary judgment on two grounds: (1) that the transcript, petition, order and release dis-

close that more than 5 years had passed since the removal of plaintiff's disabilities of minority and before this suit was instituted, and (2) that after the removal of his disabilities as a minor plaintiff, in consideration of the payment of $10,500, had executed a binding release of all claims against defendant arising out of the facts alleged in plaintiff's petition.

Plaintiff filed a reply to the answer, and an "Answer to Defendant's Motion for Summary Judgment."

Plaintiff's reply alleged that in order to obtain the purported release defendant and defendant's insuror, representatives and attorneys represented to plaintiff that defendant was insolvent and that a judgment against him over the amount of his indemnity insurance coverage (maximum limits $15,000) would be uncollectible; that $10,500 was the maximum amount plaintiff could possibly collect on his claim; that the only means to legally effect a settlement, in view of plaintiff's minority, would be through proceedings in an Arkansas court to have his legal disabilities as a minor removed so that he could execute a valid and binding release; that on June 4, 1956 plaintiff was an actual and legal resident of the City of St. Louis, Missouri; that although following his injury plaintiff and his wife stayed temporarily at the home of relatives in Arkansas, his Missouri residence was not given up and he was not in fact or in law a resident of Arkansas at the time he instituted the proceedings in the Arkansas court. Plaintiff alleged that the Arkansas court was without jurisdiction over the subject matter because plaintiff was not a resident of Arkansas or a resident of Randolph County at the time the proceedings were instituted, and that the petition for removal of disabilities was not verified. Plaintiff's reply further alleged that the foregoing representations were false, and made with knowledge of their falsity or in

1. Under Arkansas Statute 34–2001 the circuit courts of that state are empowered to authorize any male person above the age of 18 years *who is a resident of the county* to transact business as if done by a person who has attained his majority.

reckless disregard whether true or false; that in fact defendant was solvent and that a judgment in a sum substantially larger than $10,500 would have been collectible; that defendant's insurance coverage was in excess of $15,000; that the removal of the disabilities of minority was not the only legal method by which a settlement with plaintiff as a minor could have been effected; that there was then a method in Arkansas similar to that prevailing in Missouri, by which a minor could effect a legal settlement in a proceeding by next friend in which the court would make full inquiry into all the facts and circumstances surrounding the claim, and the amount of the proposed settlement, to determine whether it was fair and reasonable and in the minor's best interest; that to avoid this inquiry and determination by the court defendant, his insuror, etc., fearing that no court would approve the proposed settlement as fair, and knowing of these applicable Arkansas laws, resorted to the device of removal of disabilities of minority for the sole purpose of accomplishing the settlement for $10,500, which was far less than the amount to which plaintiff was entitled; that but for these false and fraudulent representations he would not have consented to these proceedings; that duress was practiced upon him and that he acted only in full reliance on these representations.

There is nothing of record to show that plaintiff, upon repudiation of the release, restored the $10,500 or tendered that amount before the institution of this lawsuit or before the filing of his reply, or at any other time. Neither in his brief nor in oral argument did plaintiff contend that he made a tender, or seek in any way to excuse his failure to restore or offer to restore the fruits of the settlement. Furthermore, there is nothing in this record to show whether at the time plaintiff became 21 years of age he was still in possession of the money received in settlement, or whether he had spent, wasted and dissipated the funds received.

Plaintiff's "Answer to Defendant's Motion for Summary Judgment" alleged that "there is a genuine dispute beween the parties as to certain issues of fact, as more fully set forth in plaintiff's reply herein filed," copy of which was made a part of the answer. In support of his "answer" plaintiff filed a 14-page affidavit setting forth in greater detail the facts alleged in plaintiff's reply. Plaintiff alleged that the affidavit showed the existence of disputed factual issues making trial necessary and summary judgment "wholly unwarranted."

Defendant filed no affidavit or affidavits in support of his motion for summary judgment or in opposition to plaintiff's "answer" and supporting affidavit.

At the hearing on the motion for summary judgment the following was introduced in evidence, pursuant to a stipulation of the parties: a verified copy of the petition of plaintiff for the removal of his disabilities of minority; the transcript of the proceedings in that matter in the Circuit Court of Randolph County, Arkansas; the decree and order of that court removing said disabilities; the releases executed by plaintiff and his wife; the procedural statute of Arkansas enabling circuit courts to authorize any male person who is a resident of the county and above the age of 18 years power to transact business in general in like manner and effect as if done by one who had attained his majority; the Arkansas statute defining minors as males of the age of 21 and females of the age of 18 years; and copies of proceedings for the correction of a date in the Arkansas judgment.

Following its rendition plaintiff filed a motion to set aside the summary judgment or in the alternative for a new trial. When that was overruled plaintiff appealed.

The question for decision is whether the court erred in rendering summary judgment for defendant. Are there pleadings, depositions, admissions on file, or affidavits which show that there is no genuine issue as to any material fact and that defendant

is entitled to a summary judgment as a matter of law; has it been shown by unassailable proof that defendant is entitled thereto? Civil Rule 74.04, (c), (h).

Plaintiff's only point on this appeal—that the court erred in rendering summary judgment for defendant—is based upon these contentions: that the record, pleadings, exhibits and affidavits do not show unassailably as a matter of law that movant was entitled to summary judgment; that there are many undetermined issues of fact (whether the release was fraudulently procured by false representations of defendant's insolvency and the uncollectibility of any judgment beyond $15,000; whether it was represented to plaintiff that the proceedings in Arkansas for the removal of his disabilities was the only method of legally effecting a settlement; whether plaintiff was a resident of Missouri or Arkansas when the proceedings were instituted); that the proceedings in Arkansas were not effective in this state; that the Arkansas court had no jurisdiction over plaintiff, a resident of Missouri; that the Arkansas judgment was fraudulently procured; that the court did not make the full inquiry necessary to protect the interests of a minor; that the release was procured by fraud, and that the action is not barred by limitations.

■ The burden is on the moving party, the defendant in this case, to establish the nonexistence of a material fact. Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318; Sprague v. Vogt, 8 Cir., 150 F.2d 795; Stoffel v. Mayfair-Lennox Hotels, Inc., Mo. App., 387 S.W.2d 188[3].

■ Defendant's first point is that plaintiff having made no tender of, or offer to tender, the $10,500 which he received when he signed the release, the allegations of his reply charging fraudulent procurement of the release should not be considered. Plaintiff pleaded fraud in the treaty (i. e. in the inducement) and not fraud in the factum (i. e. in the execution). Fraud in the factum renders the contract void and no tender is necessary. Fraud in the treaty, however, makes a release merely voidable and not void, and absent some other ground dispensing with the rule, tender is a prerequisite or condition precedent to the avoidance of the release and to the maintenance of an action on the original claim or cause of action. Watson v. Bugg, en banc, 365 Mo. 191, 280 S.W.2d 67, [1], and seven Missouri cases cited, 1. c. 69, State ex rel. Order of United Commercial Travelers of America v. Shain et al., 339 Mo. 903, 98 S.W.2d 597, 602; Wolf v. St. Louis Public Serv. Co., Mo.App., 357 S.W.2d 950, [8]. This rule is based upon the essential justice of not allowing a plaintiff to appropriate the benefits of a contract of settlement and at the same time deny its obligations. The rule, however, has its limitations when applied to the disaffirmance of a release executed by an infant. (Plaintiff claims he was an infant at the time of the execution of the release, October 11, 1956; that he did not attain his majority until July 7, 1958). An infant may repudiate or disaffirm his contract after attaining his majority, but in so doing he is obliged to restore to the other contracting party the fruits of the contract *within his possession* at the time, that is, he must surrender and return the consideration received by him and thus far at least place the parties in status quo, *if the consideration is still in his hands*. Lacy v. Pixler, 120 Mo. 383, 25 S.W. 206; Craig v. Van Bebber, 100 Mo. 584, 13 S.W. 906; Western Life Insurance Co. v. White, Mo.App., 331 S.W.2d 19[4]; Sassenrath v. Lewis Motor Co., Mo.App., 246 S.W.2d 520; Freiburghaus v. Herman Body Co., Mo.App., 102 S.W.2d 743; 43 C.J.S. Infants § 76 c., p. 183. If during infancy he has wasted or squandered the consideration, or has otherwise made away with it so that he is unable to restore it, he may nevertheless repudiate the contract without making a tender. This on the theory that the privilege of repudiating a contract is accorded an infant because of the indiscretion incident to his immaturity, and if he were required to restore the equivalent where he has wasted or squan-

dered the consideration received, the privilege would be of no avail when most needed. Craig, Freiburghaus, supra, and cases cited; 43 C.J.S. Infants § 76 c., p. 183. The burden is on the other party to the agreement (defendant in this case) to show that the consideration has not been expended if he insists upon restoration of the consideration. Britton v. South Penn Oil Co., 73 W. Va. 792, 81 S.E. 525. The point is ruled against defendant for the reason that defendant has not met the burden of showing (and it is not admitted by plaintiff) that at the time plaintiff reached age 21 years the $10,500 or any part of it was still in his hands.

■■■ Next, defendant raises the defense of estoppel. It is urged that by invoking the Arkansas disabilities-removal procedure; by alleging and testifying under oath in that proceeding that he was a resident of Randolph County, Arkansas and by executing a release plaintiff has estopped himself from again asserting his claim in Missouri. The defense of estoppel must be rejected. Infants are incapable of binding themselves by way of estoppel and are to be relieved from the effect of facts which would create an estoppel against them if they were of full age. Campbell v. Laclede Gas Light Co., 84 Mo. 352; McBeth v. Trabue, 69 Mo. 642; Beck v. Kallmeyer, 42 Mo.App. 563. We reaffirm what the St. Louis Court of Appeals said in Miller v. St. Louis & S. F. R. Co., 188 Mo.App. 402, 174 S.W. 166, 169, in upholding an instruction that plaintiff, because of his infancy, was not bound by a release he executed: "There seems to be authority for the proposition that an infant who has reached the years of discretion may be estopped in some cases where the conduct on which the estoppel is sought to be based has been intentional and fraudulent, as will appear by reference to 22 Cyc. 512, 513 (now 43 C.J.S. Infants § 26, pp. 87, 88). But, whatever the rule may be elsewhere, the doctrine referred to is without influence

here. The rule of decision established by our Supreme Court is to the effect that infants are not subject to the binding effect of estoppel. And the court did not err in refusing defendant's instruction (that plaintiff was estopped from asserting that he was an infant when he executed the release, by his recital that he was an adult) * * *." (Parentheses ours.)

The third, fourth and fifth questions sought to be raised by defendant revolve around the question of plaintiff's majority or minority.

Defendant asserts that plaintiff procured a perfectly valid and legal judgment in the Circuit Court of Randolph County, Arkansas, removing his disabilities as a minor; that the decree of the Arkansas court invested plaintiff with the capacity to contract; that that judgment is entitled to full faith and credit in Missouri; that after procuring that judgment plaintiff entered into a valid and binding contract of release by which the instant claim against defendant was fully released; and that in any event plaintiff is barred by the 5-year statute of limitations, which defendant says began to run on October 11, 1956, the date plaintiff's disabilities as a minor were removed; that limitations ran on October 11, 1961, 16 months before plaintiff filed this action. Defendant contends that all of these things are shown by unassailable proof as a matter of law.

■■■ Plaintiff, availing himself of the rule that a judgment of a sister state may be attacked collaterally in this state on evidence dehors the record for lack of jurisdiction and for fraud in its concoction, In re Veach, 365 Mo. 776, 287 S.W.2d 753, 759; Leichty v. Kansas City Bridge Co., 354 Mo. 629, 190 S.W.2d 201 [1, 2], attacks the judgment for lack of jurisdiction over the person of plaintiff on the ground that plaintiff was a nonresident of Arkansas, ineligible to avail himself of Arkansas Stat-

ute 34–2001.[1] Plaintiff also attacks the judgment and the release on the ground that they were procured by fraud, and seeks to escape the defense of limitations on the ground that plaintiff was only 18 years old (a minor under Missouri law) at the time he executed the release; that Missouri law and not the Arkansas courts governs in determining when infants attain their majority; that the procedure under Arkansas Statute 34–2001 to remove plaintiff's disabilities as a minor was invalid in Missouri and without effect in our courts—and that under § 516.170, V.A.M.S., plaintiff had 5 years after reaching his 21st birthday on July 7, 1958 within which to commence his action.

The question is the propriety of the summary judgment rendered for defendant. Has defendant shown by unassailable proof as a matter of law that he is entitled to judgment on either of the three grounds (removal of disabilities by the Arkansas procedure; settlement and release; statute of limitations)? We are obliged, as a matter of law, to answer the question in the negative.

In order to get to the core of this case we will assume that the judgment of the Circuit Court of Randolph County, Arkansas, purporting to remove plaintiff's disabilities as a minor, was valid in the state in which it was rendered; that the court had jurisdiction, and that fraud was not practiced in the concoction of the judgment.[2]

The Arkansas judgment ruled that plaintiff's disabilities of minority were removed generally and for all purposes and author-

ized him to transact business and manage his affairs generally with the same effect as if done by a person of full age who had attained his majority. Defendant claims that this judgment validated the release subsequently executed while plaintiff was 18 years of age and ended the toll of the 5-year statute of limitations.

The release, executed in Arkansas, purported to release a cause of action which accrued in Missouri. (The accident occurred in Wayne County, Missouri.) While generally matters bearing upon the execution and validity of a contract are determined by the law of the place where the contract is made, State of Kansas ex rel. Winkle Terra Cotta Co. v. United States Fid. & Guar. Co., 322 Mo. 121, 14 S.W.2d 576; 7A Mo.Dig., Contracts, ▮ the validity of a contract of release as a defense to an action of tort is governed by the law of the state that created or gave rise to the right released. Western Newspaper Union v. Woodward, (W.D.Mo.1955) 133 F.Supp. 17, 23; Bittner v. Little, 3 Cir., 270 F.2d 286, [5]; Daily v. Somberg, 49 N.J.Super. 469, 140 A.2d 429; Preine v. Freeman, D. C., 112 F.Supp. 257, 260; Mayle v. Criss, D. C., 169 F.Supp. 58; Lindsay v. Chicago, B. & Q. R. Co., 7 Cir., 226 F. 23; Goldstein v. Gilbert, 125 W.Va. 250, 23 S.E.2d 606; 76 C.J.S. Release § 39; Minor on Conflicts, § 197, p. 485; Story on Conflict of Laws, § 558, p. 775; 2 Beale on Conflicts, §§ 388.1, 389.1, pp. 1302, 1303. Under Missouri law the release, executed by a person under the age of 21 years, was voidable at plaintiff's option for lack of capacity to contract. The internal law of Missouri, where the

---

1. Under Arkansas Statute 34–2001 the circuit courts of that state are empowered to authorize any male person above the age of 13 years *who is a resident of the county* to transact business as if done by a person who has attained his majority.

2. This assumption, made only for the purpose of facilitating the disposal of this appeal, is a violent one. Our review of the record indicates that defendant fail-

ed to establish by unassailable evidence that plaintiff was a resident of Arkansas or that the judgment was not procured by fraud. Both questions were raised by plaintiff. They were controverted facts. Plaintiff's charges presented issues which, if decisive, required a trial in order to be determined. The validity or invalidity of the Arkansas judgment, however, is a matter of no consequence for the reasons given, infra.

cause of action accrued, and not the Arkansas law, governs in determining whether plaintiff was or was not a minor, and therefore whether plaintiff was capable or incapable of executing a valid release. In Philpott v. Mo. Pac. Ry. Co., 85 Mo. 164, the parents of a 19-year-old boy, citizens and residents of Texas, brought suit in Missouri for loss of the services of their son as a result of his death in a train collision which occurred in Missouri. Rejecting the defense that plaintiffs did not prove the age of minority in Texas, and that this was an essential element of their case, this Court said, 85 Mo., l. c. 167: "We must be guided by our own law in this respect. As to acts done and rights acquired here, the laws of this state and not those of Texas, must determine whether the son was or was not a minor. 4 Kent's Com. (12 Ed.) 233, n. c.; Gilberth [State, to Use of Gilbreath] v. Bunce, 55 [65] Mo. 349. * * *"

The decree of the Arkansas court, which conferred upon plaintiff a personal privilege in a special proceeding applicable only in Arkansas whereby he was enabled to transact business within that state and within the jurisdiction of the law authorizing such a procedure, did not purport to and did not change plaintiff's status from that of minority to majority in other states where his actions and contracts are governed by the laws there prevailing. The status of minority or majority of all persons within a state is exclusively a matter for that state to determine itself. Deason v. Jones, 7 Cal.App.2d 482, 45 P.2d 1025. Under the full faith and credit clause of the federal constitution the courts of Missouri were not required in this action to recognize the Arkansas decree, or any contract made under its sanction relating to a cause of action which accrued in Missouri. Acting under a predecessor statute of Arkansas Statute 34–2001, a resident of Arkansas under the age of 21 years applied to and obtained an order from an Arkansas court permitting him to sue in Missouri for moneys belonging to him, and to execute releases therefor as if of full age. Pursuant to this authority the infant instituted an action in Missouri, which he prosecuted in his own name. This Court affirmed the action of the Circuit Court of Cooper County sustaining a demurrer to the petition, and held that the legislature of Arkansas had no power "to pass a law to override and control our laws" and could not authorize its courts to do this, saying what we repeat here as pertinent, 65 Mo., l. c. 352: "Our own statutes * * * provide when infants shall attain their majority, and they must be our guide, and not the laws that emanate from a foreign jurisdiction."

With respect to the statute of limitations, defendant argues that plaintiff, a minor under both the laws of Missouri and Arkansas at the time of the accident, took his transitory cause of action from Missouri, where it accrued, to Arkansas, where he appropriated it; that his disabilities as a minor were removed by the Arkansas court decree of October 11, 1956; that the statute of limitations commenced to run on that date; that the cause of action was barred after October 11, 1961, so that plaintiff's suit, filed February 11, 1963, was barred by limitations.

Matters relating to the limitation of actions are procedural matters which are governed by the law of the forum, Turner v. Missouri-Kansas-Texas R. Co., 346 Mo. 28, 142 S.W.2d 455, 129 A.L.R. 829; State of Kansas ex rel. and to Use of Winkle Terra Cotta Co. v. United States Fid. & Guar. Co., 328 Mo. 295, 40 S.W.2d 1050, irrespective of the residence of the parties at the time the cause of action accrued. 53 C.J.S. Limitations of Actions § 27. This rule applies not only to the actual bar itself (the 5-year limitation in this instance) but also to *matters of exception* from the bar fixed by the statute. 53 C.J.S. Limitations of Actions § 27. Infancy is a matter of exception from the bar of limitations; infancy tolls the statute until that disability is removed. Under Missouri law plaintiff was an infant until July 7, 1958,

the date on which he attained age 21 years. Missouri's 5-year statute of limitations, § 516.120(4), V.A.M.S., was tolled until that date, when it commenced to run. Under § 516.170, V.A.M.S., a person under age of 21 years, entitled to bring an action of this kind, is at liberty to do so within 5 years after his disability is removed. Plaintiff therefore had until July 7, 1963 within which to file suit and this action, commenced February 11, 1963, was timely filed.

Defendant was not entitled to summary judgment in the present state of the record. The judgment is reversed and the cause remanded for further proceedings.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.