See also Mo., 391 S.W.2d 873.

**Mary Ann NELSON, Appellant,**

**v.**

**Gilbert Absolom BROWNING, Respondent.**

**No. 50744.**

Supreme Court of Missouri,
Division No. 1.

June 14, 1965.

Motion for Rehearing or to Transfer to Court En Banc Denied July 12, 1965.

Schwartz, Schwartz & Gilden, St. Louis, for appellant.

Hyde, Purcell & Wilhoit, Poplar Bluff, for respondent.

HOUSER, Commissioner.

Action for $50,000 damages for loss of services, society, comfort and consortium of her husband, Erskine Mike Nelson. Plaintiff has appealed from an order sustaining defendant's motion for summary judgment.

On April 20, 1963 plaintiff filed a petition in the Circuit Court of Butler County, Missouri charging that on June 4, 1956 defendant negligently caused a collision between defendant's truck and plaintiff's husband's vehicle resulting in the loss of plaintiff's husband's left arm and other personal injuries to him which caused him to develop a severe anxiety state producing headaches, nausea, dizziness, nervousness, an inferiority complex; that as a consequence plaintiff's husband has been disabled and restricted in his normal activities and pursuits and kept from enjoying life as a normal person, thereby depriving plaintiff permanently of the services, society, comfort and consortium of her husband.

On May 10, 1963 defendant filed a motion to dismiss plaintiff's petition on the ground that on June 4, 1956 there was no cause of action in favor of a wife for loss of services, etc. of her husband, and that plaintiff's cause of action is barred by limitations. The court did not act on the motion to dismiss.

On May 10, 1963 defendant filed a motion for summary judgment, alleging that there was no genuine issue as to any material fact; that under Civil Rule 74.04, V.A.M.R. defendant was entitled to a judgment as a matter of law; that female residents of the State of Arkansas attain their majority at age of 18 years and may execute a valid release; that plaintiff signed and executed a valid and binding release of all claims arising out of this accident, including her claim for loss of services. A copy of the release was attached to the motion for summary judgment. Defendant alleged that he was entitled to have judgment directed in his favor by reason of the execution of the release and for the further reason that "more than five years have passed since the removal of disabilities of minority by operation of law of the State of Arkansas and the commencement of this action." The release, dated October 11, 1956, recited a consideration of $1.00 and other good and valuable considerations. It was a general release by plaintiff of any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action, arising from any previous act or occurrence and particularly on account of all loss or damages of any kind in consequence of the accident of June 4, 1956. It further recited that Mary Ann Nelson was "more than 19 years of age" and that in it she agreed that "this compromise settlement" should apply "to all unknown and unanticipated injuries and damages" resulting from the accident as well as to those then disclosed, and that "said payment and settlement in compromise is made to terminate further controversy respecting all claims for damages" theretofore asserted or which might thereafter be asserted because of the accident.

Plaintiff filed an "Answer to Motion for Summary Judgment," alleging that there were several distinct material issues of fact, as shown by an accompanying affidavit which was incorporated in plaintiff's "answer"; that plaintiff was entitled to have said issues tried "as part of plaintiff's entire case" and that there was no basis in law for the rendition of summary judgment.

Plaintiff's affidavit in opposition to defendant's motion for summary judgment stated that she was uncertain whether she did in fact execute the "purported" release but that if she did it was obtained from her without her receiving any consideration;

that she complied with the request of defendant and his insuror that she execute the release, upon their representations that inasmuch as she had not and was not making any claim for injuries to her own person her signature to the release "would be merely a matter of form to which she should have no objection"; that at no time was mention made of any possible claim she might assert for loss of services of her husband; that if she executed the release she did not understand from its language that she was releasing any such claim nor was it intended by her or the other parties to the release that it embrace any such claim, but that the whole purpose of the release was to definitely establish in writing that she was not making any claim for injuries to her own person; that except for her reliance on these representations and her understanding of the aforesaid purpose of the release she would not have signed it, because she never intended to release the claim which is the subject of this action; that in fact it was not known, understood or contemplated by any of the parties that as a wife she had any right to assert a claim or collect damages for loss of services of her husband.

Defendant filed no answer to the plaintiff's petition; no affidavit or affidavits in support of his motion for summary judgment, in opposition to plaintiff's "Answer to Motion for Summary Judgment," or in opposition to plaintiff's affidavit.

At the hearing on the motion for summary judgment the following was introduced in evidence, pursuant to a stipulation of the parties: a verified copy of the petition of plaintiff's husband for the removal of his disabilities of minority; the transcript of the proceedings in that matter in the Circuit Court of Randolph County, Arkansas; the decree and order of that court removing plaintiff's husband's disabilities as a minor; the releases executed by plaintiff and her husband; the procedural statute of Arkansas enabling circuit courts to authorize any male person who is a resident of the county and above the age of 18 years power to transact business in general in like manner and effect as if done by one who had attained his majority; the Arkansas statute defining minors as males of the age of 21 and females of the age of 18 years; and copies of proceedings for the correction of a date in the Arkansas judgment.

Following its rendition plaintiff filed a motion to set aside the summary judgment or in the alternative for a new trial. When that was overruled plaintiff appealed.

The question for decision is whether the court erred in rendering summary judgment for defendant. Are there pleadings, depositions, admissions on file, or affidavits which show that there is no genuine issue as to any material fact and that defendant is entitled to a summary judgment as a matter of law; has it been shown by unassailable proof that defendant is entitled thereto? Civil Rule 74.04(c), (h).

Plaintiff's first point is that the court erred in not limiting its consideration to "the pleadings, depositions and admissions on file, together with the affidavits, if any" referred to in Civil Rule 74.04(c); that there was no conceivable basis for the entering of summary judgment if the court had so confined itself. In effect plaintiff argues that the only *pleading* before the court was her petition; that defendant filed no answer; that defendant's motions to dismiss and for summary judgment are *motions*, not pleadings, and may not of themselves provide the basis for the showing necessary to grant a summary judgment; that there were no depositions and no admissions on file; that defendant filed no affidavits—that the only affidavit on file was plaintiff's. Defendant properly counters with the suggestion that this ignores the evidence introduced by stipulation for the court's consideration in passing upon the motion for summary judgment, and admits that to sustain the summary judgment he is counting only on the matters set forth in his motion for summary judgment, and not on those stated in his motion

to dismiss. This, together with the fact that the court's order does not mention it, eliminates plaintiff's point that the court erroneously based its decision on the case of Novak v. Kansas City Transit, Inc., Mo. Sup., 365 S.W.2d 539, and narrows our inquiry to the question whether defendant has shown by unassailable proof that defendant is entitled to judgment as a matter of law on either of two grounds: (1) the release, or (2) the statute of limitations.

The opinion in Nelson v. Browning, Mo., 391 S.W.2d 873, handed down concurrently herewith, controls the disposition of this case. We held there that the validity of a contract of release as a defense in an action of tort is governed by the law of the state that created or gave rise to the right release (Missouri in this case); that under Missouri law a release, executed by a person under the age of 21 years, is voidable at the option of the releasor, for lack of capacity to contract; that questions of minority or majority of persons within a state who seek to assert rights which accrued within the state, are to be determined by the law of the forum (Missouri in this case); and that matters of exception from the bar fixed by the statute of limitations, such as infancy, are procedural matters which are governed by the law of the forum (Missouri).

■■ *As to the matter of limitations:* Plaintiff was over the age of 18 years and under the age of 21 years on June 4, 1956, when the accident happened, and on October 11, 1956, when the release was alleged to have been executed. She became 21 years of age on December 27, 1958. Causes of action sounding in tort accrue, and limitations thereon begin to run, from the time the person damaged acquires a present right to sue. Hunter v. Hunter, 361 Mo. 799, 237 S.W.2d 100, 24 A.L.R.2d 611; 54 C.J.S. Limitations of Actions §§ 108, 109, 168a; 34 Am.Jur. Limitation of Actions, § 113. Plaintiff's present right to sue accrued on her 21st birthday, she hav-

ing been under age under our law when the accident occurred. The 5-year statute of limitations was tolled by infancy until December 27, 1958, at which time the statute began to run. Plaintiff had until December 27, 1963 within which to file suit. The filing on April 20, 1963, within the 5-year period provided by § 516.170, V.A. M.S., was timely. As a matter of law this action is not barred by limitations.

■ *As to the release:* At the time she executed the release plaintiff is undisputably shown to have been over the age of 18 years and under the age of 21 years. Under the case of Nelson v. Browning, supra, we disregard the law of Arkansas, Arkansas Statute 57–103, under which females over the age of 18 years are considered of full age for all purposes, and apply the Missouri law, under which plaintiff was a minor. We declare as a matter of law that when she executed the release plaintiff, a minor, lacked capacity to contract; that the release was voidable at the option of plaintiff, and that she was entitled to disaffirm and repudiate the release at any time during her minority and within a reasonable time after coming of age. Robison v. Floesch Const. Co., 291 Mo. 34, 236 S.W. 332, 20 A.L.R. 1239. "What is a reasonable time is ordinarily a question of fact, to be determined according to the circumstances of each case, unless, it has been said, the matter is so clear one way or the other that the court can decide it as a matter of law." 43 C.J.S. Infants § 75, p. 173. Whether plaintiff lost her right to disaffirm and repudiate the contract of release by waiting too long after attaining her majority is a question which has not been raised on this appeal, and which we will not undertake to decide. Defendant may be advised to raise this issue, on proper allegations, on remand of this cause, but so far defendant has failed to show by unassailable proof that he is entitled to summary judgment on the basis of the release, and it was error to so rule.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.